## Richmond

JESSIE F. HILTON v. FREDDIE F. FAYEN, AN INFANT, WHO SUES BY HIS FATHER AND NEXT FRIEND, CARL F. FAYEN.

March 7, 1955.

Record No. 4294.

Present, All the Justices.

The opinion states the case.

*Elijah B. White*, for the plaintiff in error.

*Stilson H. Hall, J. Sloan Kuykendall* and *Henry H. Whiting*, for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

On June 30, 1952, a petition for an attachment against the property of Jessie F. Hilton was filed in the Circuit Court of Loudoun County by Freddie F. Fayen, an infant, who sued "by his father and next friend, Carl F. Fayen." The petition alleged that Jessie F. Hilton was indebted to the infant plaintiff in the sum of $4,389.64, which sum "was advanced to Mariana Field and the defendant, Jessie F. Hilton, co-partners, trading and doing business as 'Green Pastures'." On July 2, process was issued and duly executed by levy on the property of Jessie F. Hilton and by service of the writ upon the defendant in her own proper person. The defendant filed an affidavit of substantial defense, and notified the plaintiff of that fact. On December 12, 1952, the plaintiff having failed to give bond within ten days from the service of such notice, the trial court on motion of the defendant dismissed the attachment; but retained the cause on the docket, without objection, as an action at law. Virginia Code, 1950, § 8-557.

A bill of particulars was filed by the infant plaintiff, in which he stated that, in the year 1943, he had "through his father, Carl F. Fayen, loaned to Mariana Field and the defendant, Jessie F. Hilton, co-partners trading and doing business as 'Green Pastures,' the sum of $4,389.64," and that the loan remained unpaid.

Defendant filed grounds of defense, denying that any funds of the infant were loaned to her as alleged in the bill of particulars. She averred that, in 1942, and subsequently, she, together with her husband, Homer Hilton, her daughter, Mariana Hilton Fayen, and Carl F. Fayen, who at that time was the husband of her said daughter, had purchased certain farm lands with the intention of operating them as a joint venture; that it was agreed by them to contribute equal amounts in the operation of said venture; and that she assumed that the funds advanced by Carl F. Fayen to the venture were his own.

On January 8, 1953, the defendant moved the court in writing to add Carl F. Fayen as a party defendant to the action. She alleged that Carl F. Fayen, Homer Hilton, Jessie F. Hilton and Mariana Hilton Fayen were partners trading as "Green Pastures;" that the partnership was dissolved in 1947; and that Carl F. Fayen had received his share of the partnership assets in full settlement of any and all claims against it; and that Carl F. Fayen "is liable for any debts of said co-partnership to the same extent as this defendant." Carl F. Fayen filed a written reply asserting that the court was without jurisdiction to make him a third party defendant, (Rule of Court 3:9.1) and that the motion did not state a cause of action against him. No order was entered by the trial court dealing with this motion prior to the date of trial, September 8, 1953.

Freddie F. Fayen is the infant son of Carl F. Fayen and Mrs. Mariana Hilton (Fayen) Field, the former wife of Carl F. Fayen. Homer Hilton and Jessie F. Hilton, his wife, are the parents of Mrs. Field and the maternal grandparents of Freddie F. Fayen. At the time of the alleged loan of the infant's money, the two families, Fayen and Hilton, lived in the same house in Loudoun County. Mr. and Mrs. Hilton subsequently removed to California, and at the time of the institution of this action resided there.

The proceedings at the trial will be set out somewhat in detail because of the confusion relating to the issues prior to the submission of the case to the jury.

Immediately after the jury had been sworn, Carl F. Fayen, by counsel, advised the court that, because he was partly responsible for lending the infant's funds, he was willing to be made a party defendant. Thereupon, counsel for the defendant said: "I think the way it stands is all right." The court announced: "I think, if we go ahead with it today that we should let the pleadings stand as they are." There was no objection or exception to this ruling, and the case proceeded to trial. In his statement to the jury, counsel for the defendant said: "I represent Mrs. Hilton, who is the defendant

in this cause, and our defense is, merely, that there was no loan made to any partnership in which she had any interest, from the funds of Freddie F. Fayen to her knowledge. She never recognized or understood any obligation to this boy, and she denies any obligation to pay this sum or any part of it, as has been demanded by the plaintiff in this action."

Carl F. Fayen testified that he made two loans in May and August, 1943, to the partnership, one in the sum of $3,989.64, and another in the sum of $400, from funds belonging to his infant son, who was then three years of age; and that the loans had never been repaid. There were no notes or evidence of debt given to Fayen, but the books of the partnership showed receipt of the two amounts, with a notation that they were received as loans from Freddie Fayen.

The money of the infant represented the proceeds of a gift from his paternal grandmother. The $3,989.64 was deposited in a bank to the joint account of Carl F. Fayen and Mariana H. Fayen. The $400, which came from interest thereon, was deposited in a special account in the name of Carl F. Fayen, which he said he held as trustee for his son. Two checks evidencing the loans were drawn payable to "Green Pastures," the larger one being signed by Mariana H. Fayen, and the smaller one drawn and signed by Mrs. Fayen in the name of "Carl F. Fayen, trustee" for the infant. Each check bore the endorsement, "Deposit to account of Green Pastures." Mr. Fayen said he discussed the loan with each of the partners of "Green Pastures," and that each of them was fully aware of the fact that the money belonged to the infant, and they agreed to repay the infant from the profits of their joint venture. The infant had no legal trustee or guardian.

At the conclusion of the plaintiff's evidence, counsel for the defendant moved the court to strike the evidence on the ground that it was insufficient to prove a loan, and further, that the action should have been brought by Carl F. Fayen as guardian or trustee and not by the infant. A discussion

ensued, and plaintiff's counsel asked counsel for defendant if he wanted to bring in all of the partners and make them parties. The court advised counsel for the defendant that it would do so if it was agreeable to him, and the latter replied: "I stopped agreeing years ago, Your Honor." The court then said: "I don't think it would be proper to strike the evidence on that ground. I think the remedy would be to add the other parties under the statute," (Code, § 8-96), to which counsel for defendant replied: "Well, you see, the point I am pressed with is that you don't have the proper party plaintiff * * *." Again the court stated: "I will do this, I will add these parties if you like, at this time." Counsel for plaintiff then said that they had been willing to add Carl F. Fayen as a party but had changed their minds because of the change of the position of the defendant. Thereupon the court overruled defendant's motion to strike the plaintiff's evidence.

The defendant then introduced her evidence, which clearly and convincingly showed that the infant's money was loaned to the partnership with the knowledge and acquiescence of each partner, and that they originally planned to repay the infant out of the profits of their joint venture.

At the conclusion of defendant's evidence, her counsel made the following statement to the court: "This is at the completion of the case for the defendant. The defendant renews her motion previously made, that the court strike the evidence presented on behalf of the plaintiff, and that is all we will do." The plaintiff then moved to strike defendant's evidence. Both motions were overruled.

The defendant inquired whether there would be any instructions. Counsel for plaintiff replied: "I think we can give the court this instruction:

"The Court instructs the jury that partners are jointly and severally liable for the debts of a partnership, and the said loan has not been repaid, then you shall find your verdict for the plaintiff, in this action Freddie Fayen."

Defendant's counsel said: "That would be about the only one I would want to put in."

Plaintiff then suggested that the jury be further instructed as follows: "The Court further instructs the jury that, in view of all the evidence if you find there was not a loan, then you shall find for the defendant."

Counsel for defendant stated: "I object to granting that latter part in keeping with my motion to strike. I contend that there is no evidence upon which a jury could determine that." The objection to the latter part of the proposed instruction was overruled, and the court then instructed the jury as follows:

"The Court instructs the jury that partners are jointly and severally liable for the debts of a partnership. If you find from a preponderance of the evidence that the sum of $4,-389.64, belonging to Freddie Fayen, an infant, was loaned to the partnership, and that said loan has not been repaid, then you shall find a verdict for the plaintiff in this action, Freddie Fayen.

"The Court further instructs the jury that after consideration of all of the evidence in the case you believe it was not a loan you shall find for the defendant."

After argument of counsel, the jury returned the following verdict: "We the jury upon the issues joined find for the plaintiff, Freddie Fayen, in the sum of $4,389.64."

No motion was made for a new trial, that the verdict be set aside as contrary to the law, or as contrary to the evidence, or without evidence to support it. Judgment was entered for the infant, without objection or exception by the defendant.

Upon appeal the defendant assigns error to the action of the trial court in refusing to add Carl F. Fayen as a party defendant, in refusing to strike the evidence of the plaintiff, and in refusing to dismiss the action as having been improperly brought, because it was an action against an individual for a partnership debt. In his brief, he relies upon the last assignment only. Plaintiff, on the other hand, con-

tends that the nature of the claim of the infant was such as to make the partners in the "Green Pastures" venture jointly and severally liable. He contends that whenever several adults, constituting a partnership, appropriate an infant's funds to the use of their partnership, the law implies an obligation on the part of each person using such funds to repay the entire amount, relying upon Code, § 50-13, § 50-14(a) and § 50-15(a).

It will be remembered that the defendant first contended that no money of the infant was advanced to the partnership. She next contended that Carl F. Fayen should be joined as a party defendant because he was responsible for the funds of the infant. However, by her counsel she agreed that the proceeding continue against her alone. She made no proper objection or exception to the rulings of the court. She subsequently waived all prior objections by joining in the request for the first paragraph of the instruction given to the jury. Her objection to the second paragraph of the instruction was without merit, in that the evidence fully showed that the loan was made.

The question whether the action could have been properly maintained against one of the members of the partnership without naming the remaining partners as defendants is interesting; but its consideration is not necessary here, in view of the instruction which both plaintiff and defendant asked for and induced the court to give. In requesting it, defendant waived all objections theretofore made, thereby eliminating all prior questions of error from our consideration. The instruction became the law of this case and as such is binding on the parties to this action.

It has long been settled in this jurisdiction that a party cannot complain of an instruction given at his instance. Only errors assigned in accordance with Rule of Court 5:1, § 4 will be noticed by this court. It is due to the trial court that the grounds of objections be specified, so that the opposing party may have an opportunity to meet the objection, Rule of Court 1:8.

Where both plaintiff and defendant have asked for and have induced the court to give an instruction upon a given theory of the law, neither will be permitted after a verdict to question that theory. In other words, the parties cannot invite the court to commit an error, and then complain of it. Right or wrong, the instruction given in this case became the law of the case on that point, and was binding upon both the parties and the jury. *Richmond Traction Co.* v. *Clarke,* 101 Va. 382, 392, 43 S. E. 618; *Queen Insurance Co.* v. *Perkinson,* 129 Va. 216, 222, 223, 105 S. E. 580; *Shenandoah Co.* v. *Phosphate Corp.,* 161 Va. 642, 646, 654, 171 S. E. 681; *Ross* v. *Schneider,* 181 Va. 931, 942 27 S. E. (2d) 154; *Piccolo* v. *Woodford,* 184 Va. 432, 439, 35 S. E. (2d) 393; *Hall* v. *Payne,* 189 Va. 140, 145, 52 S. E. (2d) 76; *Godsey* v. *Tucker,* 196 Va. 469, 475, 84 S. E. (2d) 435; Burks Pleading and Practice, 4th Ed., Instructions, § 299, page 536, and authorities there cited. See also 1 M. J., Appeal and Error, § 115, page 571; 53 Am. Jur., Trial, § 844, page 620; 64 C. J., Trial, [§ 743], 8-a, pages 956, *et seq.*

While Code, § 8-225 provides that the failure to make a motion for a new trial shall not be deemed a waiver of any objection made during the trial if such objection be properly made a part of the record, when defendant failed to object to the instruction submitting the entire case to the jury, and failed to move the court to set aside the verdict and grant a new trial, she waived her right to assign error under Rule of Court 1:8. *Ross* v. *Schneider, supra,* 181 Va. at page 941.

Upon consideration of the whole case, as disclosed by the record, we are of opinion to affirm the judgment and it is so ordered.

*Affirmed.*