# Richmond

JOSEPH C. HAILES v. PATSY J. GONZALES.

November 28, 1966.

Record No. 6296.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Robert G. Winters* for the plaintiff in error.

*Robert M. Harcourt* for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

Patsy J. Gonzales, plaintiff, was injured when an automobile which she was driving was struck from the rear by a car operated

by the defendant, Joseph C. Hailes. In an action for damages against the defendant he admitted liability, and plaintiff recovered a jury verdict for $7,500, on which the court entered judgment. The defendant is here on a writ of error.

Defendant contends that the trial court erred in granting instruction No. 2, which told the jury that in assessing plaintiff's damages they should take into consideration "3. Any physical pain and mental anguish * * * which will be suffered by her [plaintiff] in the future," and "4. Any medical expenses * * * that may reasonably be expected to occur in the future," as there was no evidence upon which the jury could reasonably ascertain that plaintiff would suffer any future pain and mental anguish or would incur any future medical expenses.

The collision occurred on July 18, 1964, and on the next day plaintiff's neck and back began to trouble her. On July 20, 1964, she was seen and examined by Dr. Ira M. Cantin, an orthopedic surgeon.

Dr. Cantin testified that when he felt the cervical and lumbar regions of her spine, the patient complained of pain. He found that the range of motion of the cervical spine was within normal limits, but bending of the back was somewhat painful. X-rays of the cervical and lumbar regions were negative for fractures. He concluded that plaintiff had sprains, or tearing of ligaments, of the cervical and lumbar regions of the spine, which sprains he classified as moderate.

Dr. Cantin prescribed medication to relieve pain and to relax her muscles. He advised her to limit her household duties by avoiding heavy work.

After the initial examination Dr. Cantin saw the plaintiff six times. Plaintiff's last visit to him was on February 22, 1965, approximately five and a half weeks before the trial. At the last examination she complained of pain on the left side of her neck and back, and there was some tenderness to touch. He directed her to discontinue all medication, including a tranquilizer which upset her stomach, and directed her to take Bufferin when in pain. He was of the opinion that only time would heal her injuries and did not instruct her to return for treatment. He said that plaintiff's symptoms were consistent with her injuries, and it could take a year from the date of the accident for her to recover. Her bill for treatment and x-rays was $105.

Plaintiff testified that she was not able to get the rest which the doctor had recommended because she had a small child, and she

could not afford to hire someone to assist with the housework. She said she had been nervous and lacked energy since sustaining the injuries and was still having pain at the time of the trial. Furthermore, she was unable to wear high heel shoes without experiencing pain in her lower back.

It has been universally recognized, indeed defendant concedes, that an award for the future effects of an injury, such as pain and suffering and medical expenses, is appropriate when there is evidence to support it. 22 Am. Jur. 2d, Damages, §§ 106, 103, pp. 155, 151.

In determining the quantum of proof required to sustain elements of damage awards, we have said that a plaintiff must show the amount of his damages with reasonable certainty. Proof with mathematical precision is not required, but there must be at least sufficient evidence to permit an intelligent and probable estimate of the amount of damage. *Gwaltney* v. *Reed*, 196 Va. 505, 507-508, 84 S. E. 2d 501, 502 (1954).

The evidence clearly shows that plaintiff had not fully recovered from her injuries when the case was heard, approximately eight months after the injuries were inflicted. The medical testimony shows that her complaint of pain was not inconsistent with her injuries and that the effects of her injury could continue for a year from the date of the accident. Hence there was evidence to support section 3 of the instruction telling the jury that in assessing the plaintiff's damages they could consider any physical pain and mental anguish that she would suffer in the future.

■ With respect to the future medical expenses, however, we conclude that there was insufficient evidence to instruct the jury to consider "any medical expenses that may reasonably be expected to occur in the future." The evidence shows that on plaintiff's last visit to the doctor, approximately five weeks before the trial, he directed her to discontinue all medications except Bufferin when in pain. He told her that it would not be necessary for her to return to his office because additional medical treatment would not be necessary or helpful and that only time and nature would relieve her pain and suffering.

We cannot assume that the jury did not consider that plaintiff might incur future medical expenses in arriving at their verdict since they were expressly authorized to do so under section 4 of the damages instruction. There being no proof on which section 4 of the instruction was based, it was error to tell the jury they could con-

sider future medical expenses in fixing the amount of the damages. *Gallop* v. *Sharp*, 179 Va. 335, 338, 19 S. E. 2d 84, 86 (1942).

For the reason stated, the judgment below is reversed and the case is remanded for a new trial limited to the issue of damages only.

*Reversed and remanded.*