## Richmond

PAUL CORNELIUS MINNIX, ET AL. v. FRANK W. HALL.

January 18, 1971.

Record No. 7274.

Present, Snead, C.J., I'Anson, Gordon, Harrison and Cochran, JJ.

*Duane E. Mink, John B. Spiers, Jr. (Spiers, Spiers & Mink,* on brief), for plaintiffs in error.

*Philip M. Sadler (Gilmer, Sadler, Ingram, Thomas and Sutherland,* on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

Plaintiff Frank W. Hall brought this action against defendants Paul Cornelius Minnix and Railway Express Agency, Incorporated ("REA") to recover for personal injuries received in a motor vehicle accident. The court entered judgment on a jury verdict for $17,000 in favor of Hall, and Minnix and REA appeal. They assert that (1) Hall was guilty of contributory negligence as a matter of law, (2) the trial court improperly instructed the jury, and (3) the amount of the verdict was excessive.

Hall was injured when a dump truck he was driving collided with an REA truck driven by Minnix on Route 11 just east of Pulaski.

Route 11 has two eastbound and two westbound lanes of travel, divided by a median strip. Before the accident, Hall, whose dump truck was equipped with a blade in front, was scraping snow from the eastbound portion of the highway. As it turned to the left into a cross-over, Hall's truck was struck by Minnix's truck, headed east on Route 11. Minnix's truck collided with the left side of Hall's truck, near the back of the truck bed.

At the time of the accident, it was snowing, sleeting and raining, and the highway was covered by snow and ice. Not only was it difficult to determine the location of the two eastbound lanes of travel, but it was also difficult to determine where the grass on the median strip began.

Resolving the conflicts in the evidence, the jury could have concluded that Hall was in the left or inside lane of travel when he began his turn to the left, that he looked in the rearview mirror but could not see Minnix approaching from the rear, and that the left turn signal at the rear of Hall's truck and flashing light on the top of his truck were operating. The jury was therefore justified in finding that Minnix was negligent and Hall was free of contributory negligence. *Fisher* v. *Gordon*, 210 Va. 523, 171 S.E.2d 835 (1970).

Counsel for Minnix and REA complains of the damage instruction given by the court because it permitted the jury in assessing damages to take into consideration:

> "Any doctor's, hospital, nursing and medical expenses incurred in the past and any that may reasonably be expected to occur in the future."

He objects that there was no evidence that Hall would incur any future hospital or nursing expense because of the injury received in the accident.

Hall suffered an injury to the muscles in his back, resulting in his physician's opinion in a permanent disability "between 20 and 25 percent". Although Hall was still being treated by his physician at the time of the trial, there was no evidence that he should undergo an operation or be hospitalized for other reason. And there was no indication that he would incur future nursing expenses. The trial court therefore erred in permitting the jury to assess damages for hospital and nursing expenses that Hall might be expected to incur in the future. *See Hailes* v. *Gonzales*, 207 Va. 612, 151 S.E.2d 388 (1966).

Otherwise, we conclude that the jury was fairly and fully in-

structed. Since the case will be remanded on the issue of damages, we need not consider the contention that the verdict was excessive.

The judgment is reversed and the case is remanded for determination only of the amount recoverable by the plaintiff.

*Reversed and remanded.*