COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Clements and Kelsey
Argued at Richmond, Virginia


JOSHUA AARON AYLOR

v.        Record No. 3366-02-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE D. ARTHUR KELSEY
MARCH 2, 2004


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Judge

Cheryl V. Higgins (St. John, Bowling & Lawrence, LLP., on brief),
for appellant.

Paul C. Galanides, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Joshua Aaron Aylor, a convicted felon, challenges the sufficiency of the evidence

supporting his conviction for carrying a concealed "weapon" in violation of Code § 18.2-308.2.

Finding that Aylor waived his argument by submitting the "weapon" issue to the jury and then

expressly conceding the sufficiency of the evidence on this issue, we affirm.

I.

In the evening hours of November 1, 2001, Joshua A. Aylor began fighting with his

roommate, Jessica Dowdy, upon learning that Dowdy planned to go on a date with another man.

After Dowdy refused Aylor's demands that she invite her date over to the apartment, Aylor

"pulled out a gun" to intensify his threats.  Dowdy finally called her date, but Aylor continued to

act belligerently, refusing to allow Dowdy to leave the apartment.  Throughout this encounter,

Aylor maintained possession of the gun either in his hand or in the "waist area of his jacket."

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At one point, Aylor grabbed the handgun, forced Dowdy to the floor, and held the gun to her head while threatening her. He tried to force the barrel of the gun in Dowdy's mouth but, after she successfully resisted him, "he stopped." Aylor calmed down, and the two drove to a local bar. Aylor placed the gun under his car seat while he drove.

Upon returning from the bar a few hours later, Aylor and Dowdy began fighting again. Dowdy left the house for a while in her car, returned, and parked her car in front of her apartment. Before she could exit her car, Aylor parked his car directly behind her, blocking her car. Dowdy remained in her car with her doors and windows locked while Aylor stood outside her car with his gun drawn, warning her not to call the police from her cell phone. Dowdy spoke with a 911 dispatcher and reported Aylor's conduct.

Officer Aaron Hill of the Albemarle County Police Department received a dispatch that a domestic dispute "involving a gun" was occurring at a local apartment complex. Hill arrived at the complex, where he observed two cars in the parking lot. According to Hill, one car "was blocking the other in." Hill noticed Aylor standing behind the driver's door of the blocked car "with an object in his hand" that he "shoved" down the front of his pants. As Hill neared, Aylor reached into his pants, grabbed the item, and "threw it" under the vehicle. Hill drew his weapon and ordered Aylor to the ground.

Aylor claimed that "he kept the gun for protection from Ms. Dowdy's friends." He also admitted that he threw the gun down when Hill approached because "he did not want to be caught with it." While Hill interacted with Aylor, Officer Ray Scopelliti searched for the discarded item under Dowdy's car. In the area where Hill witnessed Aylor throw the item, Scopelliti found "a BB gun and a side cartridge to the BB gun." The pistol was black and looked similar to a small-caliber, semi-automatic handgun. No ballistic tests, however, were performed on the gun. Nor did any evidence determine whether the gun used carbon-dioxide cartridges or compressed air from manual

pumping to create the pneumatic pressure necessary to fire. In addition, the evidence did not address the unique characteristics of this gun — such as its muzzle velocity, its effective range, its maximum compression pressure, or its adaptability to fire other cylindrical projectiles.

Following the presentation of the Commonwealth's case at trial, Aylor moved to strike the concealed weapon charge.[1] Aylor's counsel expressly conceded that the evidence was sufficient to establish that the gun was a "weapon" under Code § 18.2-308.2 and that Aylor was a "convicted felon." Counsel nonetheless argued that the evidence did not prove concealment. The trial court overruled the motion, holding that Aylor's placement of the gun under his car seat was sufficient to establish concealment.

Prior to closing argument, the trial court requested counsel's input on assembling a set of jury instructions. The finding instruction proffered by the Commonwealth set forth the elements of the offense as carrying a concealed "weapon" after having been convicted of a felony. The proffered verdict form stated the crime as possessing a concealed "firearm" after having been convicted of a felony. Aylor's counsel said she did not "have a problem" with the jury instruction, but wanted to substitute the word "weapon" for "firearm" on the verdict form. The trial court agreed and made that change to the verdict form.

Aylor did not renew his motion to strike at the conclusion of the evidence, and the jury found him guilty of carrying a concealed "weapon" as a convicted felon under Code § 18.2-308.2. After the trial court entered a conviction order, Aylor retained new counsel who filed a motion to set aside the verdict on the ground that "the evidence is insufficient" to establish that Aylor's gun was a "weapon" under Code § 18.2-308.2. He reasoned that Code § 18.2-308.2 incorporates by reference

---

[1] Aylor was also charged with, and ultimately found guilty of, abduction under Code § 18.2-47, domestic assault and battery under Code § 18.2-57.2, and brandishing a firearm under Code § 18.2-282. He does not challenge on appeal any of these convictions.

the concealed weapon statute, Code § 18.2-308. That statute applies only to various kinds of weapons including pistols that fire projectiles by the "explosion of any combustible material" as well as "any weapon of like kind." Code § 18.2-308(A)(i) & (A)(v). The evidence failed to prove, Aylor argued, that the pneumatic gun he possessed was a "weapon of like kind."[2] The trial court denied the motion, and Aylor appeals on the same ground.

II.

An agreed jury instruction — even if it imposes "an inappropriate standard" — becomes the law of the case, Owens-Corning Fiberglas Corp. v. Watson, 243 Va. 128, 136, 413 S.E.2d 630, 635 (1992), and "is binding on the parties and this court," Miles v. Commonwealth, 205 Va. 462, 468, 138 S.E.2d 22, 27 (1964); see also Owens-Illinois, Inc. v. Thomas Baker Real Estate, 237 Va. 649, 652, 379 S.E.2d 344, 346 (1989); Med. Ctr. Hosps. v. Sharpless, 229 Va. 496, 498, 331 S.E.2d 405, 406 (1985); Hilton v. Fayen, 196 Va. 860, 867, 86 S.E.2d 40, 43 (1955) ("Right or wrong, the instruction given in this case became the law of the case on that point, and was binding upon both the parties and the jury."). The law-of-the-case doctrine applies to both "civil and criminal" cases. Jimenez v. Commonwealth, 241 Va. 244, 249-50, 402 S.E.2d 678, 680-81 (1991).

Under a corollary principle, a litigant waives any evidentiary sufficiency challenge to a particular issue by not objecting to submitting that issue to the jury and by expressly agreeing to an instruction directing the jury to decide the issue. See Holles v. Sunrise Terrace, Inc., 257 Va. 131, 137-38, 509 S.E.2d 494, 498 (1999) ("We observe the general rule that, when an issue has been submitted to a jury under instructions given without objection, such assent constitutes a waiver of

---

[2] In support, Aylor cited Jones v. Commonwealth, 16 Va. App. 354, 355, 429 S.E.2d 615, 615, aff'd, 17 Va. App. 233, 436 S.E.2d 192 (1993) (en banc), which held that BB guns are not "firearms" under Code § 18.2-308.2. But cf. Holloman v. Commonwealth, 221 Va. 196, 198-99, 269 S.E.2d 356, 357-58 (1980) (finding that a BB gun is a "firearm" when the statutory offense depends partly on victim perception). Jones has no direct bearing on this case, however, because Aylor was not convicted for possessing a "firearm" but rather for possessing a concealed "weapon" under Code § 18.2-308, incorporated by reference into Code § 18.2-308.2.

any contention that the trial court erred in failing to rule as a matter of law on the issue."). A post-verdict motion to set aside does not relieve a litigant from this form of procedural default. See Spitzli v. Minson, 231 Va. 12, 19, 341 S.E.2d 170, 174 (1986) ("Here, the defendant did make a motion to set aside the verdict, but this does not save him from his failure to object to the instructions which submitted the issues . . . to the jury.").

All the more, when a litigant expressly makes "admissions of or stipulations as to facts" the effect is "to dispense with the proof of such facts." Harris v. Diamond Const. Co., 184 Va. 711, 722, 36 S.E.2d 573, 578 (1946); see also In re McNallen, 62 F.3d 619, 625 (4th Cir. 1995). He cannot later claim his assertion to be untrue.

> A defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position. No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate — to invite error . . . and then to take advantage of the situation created by his own wrong.

Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999) (quoting Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (internal brackets omitted)).

In this case, Aylor agreed to a finding instruction that framed the issue solely as whether his handgun was a "weapon." The instruction did not require the jury to determine whether the unique characteristics of Aylor's pneumatic gun placed it within the "weapon of like kind" catch-all of Code § 18.2-308(A)(v) or to consider the handgun's similarities and dissimilarities to a conventional firearm. To the extent that the agreed instruction misstated the law by failing to qualify the use of the term "weapon," Aylor cannot now challenge it. To be sure, Aylor expressly conceded that he possessed a "weapon" as that term was used in the instruction.[3] And, at his

---

[3] We reject Aylor's assertion, made at oral argument before us, that his concession should be ignored as a non-binding stipulation of law. The character of his concession turns on the scope of the issue framed by the jury instruction — i.e., whether the handgun, as a factual matter, was a "weapon." The concession did not involve a stipulation that pneumatic guns, as a matter

request, the trial court edited the verdict form to change the word "firearm" to "weapon."  It was only after the jury returned a guilty verdict that Aylor's new counsel argued for the first time that the evidence was insufficient to prove that the pneumatic gun qualified as a "weapon of like kind" under Code § 18.2-308(A)(v).

In sum, the combined effect of the agreed jury instruction and Aylor's express concession bars him from challenging the sufficiency of the evidence supporting his conviction.  Given this procedural default, we need not address whether any, some, or all pneumatic weapons qualify as "weapon[s] of like kind" under Code § 18.2-308(A)(v). [4]

Affirmed.

---

of law, fall outside the reach of Code §§ 18.2-308 and 18.2-308.2.  The first time Aylor made that argument was in his post-verdict motion to set aside.

[4] On appeal, Aylor chose not to file a rebuttal brief to address the procedural default issue raised by the Commonwealth.  As a general rule, we do not determine "*sua sponte*" whether the ends of justice or good cause exceptions to procedural default apply to a given case.  Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).  Aylor does not argue on appeal that the jury instruction failed to recite any essential elements of the charged offense.  We thus do not decide that issue.