## CIRCUIT COURT OF FAIRFAX COUNTY

Joseph A. Colao, III

v.

GraniTech, Inc.

June 15, 2004

Case No. (Law) 213287

BY JUDGE ARTHUR B. VIEREGG, JR.

On May 5, 2004, this case was before me for trial on Plaintiff Joseph A. Colao's motion for judgment. At the close of the evidence and final arguments, I made several rulings.[1] However, I took the matter regarding Defendant GraniTech, Inc.'s setoff under advisement so that I could review the transcript of the evidence. After reviewing the record, I am now prepared to rule on the setoff claim.

### I. *Facts*

The instant litigation arose out of a series of transactions between Plaintiff Joseph A. Colao, III, and GraniTech, Inc., between mid 2000 and early 2003. Colao was the president and sole shareholder of Milestone By Design, L.L.C., (Milestone) in the business of providing stone and masonry work. GraniTech is also in the business of providing stone and masonry work. Initially, Milestone and GraniTech maintained a subcontract relationship with respect to various granite countertop installation contracts between Eakin Youngenton Associates, Inc., (Eakin) and Milestone for Eakin's Harrison Square project. After the Harrison Square project was completed, GraniTech and Colao agreed that Colao would refer projects to GraniTech in exchange for a

---

[1] I found that the commission on the Clarendon project was 10%. I found in favor of Mr. Colao regarding the 10% commission on the Braddock Loft claim. During the hearing, I granted Mr. Colao's motion to nonsuit the counts regarding the Falls Grove project.

commission. Colao also provided various customer support services to GraniTech relating to the projects.

Colao referred three Eakin projects to GraniTech, which formed the basis for this litigation: Clarendon, Braddock Loft, and Falls Grove. The course of dealing established between the parties, as well as within the stone and masonry industry, established a commission rate of 10%. I found that the evidence established that 10% was the proper amount for the commissions owed to Mr. Colao for his referral services on both the Clarendon and Braddock Loft projects. On the Clarendon project, the evidence also demonstrated that GraniTech withheld $8,200.00 from the commissions paid to Mr. Colao.

## II. *Setoff Argument*

With respect to the Clarendon project, GraniTech asserted that it properly setoff $8,200.00 from the commissions paid to Mr. Colao because of three defective granite countertops that resulted from a mistake made by Mr. Colao. Specifically, GraniTech argued that Mr. Colao was in charge of labeling the granite samples with the proper color designation of the granite and that, because he mislabeled the samples, two countertops were installed using the wrong color granite, and a third countertop was fabricated with the wrong color granite. GraniTech maintained that it was entitled to withhold the $8,200.00 from Mr. Colao as covering its cost of production, installation, and removal of the two countertops, and the cost of production of the third countertop. During closing argument, Mr. Colao's counsel argued that GraniTech was not entitled to the setoff because it had not sufficiently proved the $8,200 amount with invoices or any other breakdown of costs, that the amount reached constituted the consumer cost and not the cost to GraniTech, and that it and had failed to demonstrate mitigation of costs.

## III. *Decision; Setoff*

First, Mr. Colao's argument that $8,200.00 was not sufficiently established by the evidence because of GraniTech's failure to introduce invoices or provide a more detailed breakdown of costs is unpersuasive. While it is true that GraniTech carries the burden of proof on the setoff claim, *Exposition Arcade Corp. v. Lit Brothers*, 113 Va. 574, 578, 75 S.E. 117 (1912), the Virginia Supreme Court has stated that:

In determining the quantum of proof required to sustain elements of damage awards, we have said that a plaintiff must show the amount of his damages *with reasonable certainty. Proof with mathematical precision is not required,* but

there must be at least sufficient evidence to permit an intelligent and probable estimate of the amount of damage.

*Hailes v. Gonzalez,* 207 Va. 612, 614, 151 S.E.2d 388 (1966) (emphasis added). Here, GraniTech presented the testimony of two witnesses, Mr. Fernando Zorro and Mr. Ali Yilmaz, GraniTech's president and owner, who both credibly testified that there were three problematic countertops.[2] (Transcript pp. 115:14-21; 151:11-152:1.) Moreover, Mr. Yilmaz testified that he considered the invoices to Eakin in determining the cost of the three countertops and then added in the costs of labor for the two installations and removals and additional plumbing work. (Transcript p. 152:6-21.) Second, Mr. Yilmaz testified that he used the cost to Eakin to calculate the amount because he had to completely re-do two of the jobs. *Id.* Based on the testimony, and the fact that Mr. Yilmaz had twelve years experience in the stone and masonry industry and was familiar with the costs of granite and costs of labor associated with installation and removal, I find that GraniTech presented "sufficient evidence to permit an intelligent and probable estimate" as to the $8,200.00 amount of setoff. *See Hailes,* 207 Va. at 614. Finally, with regard to Mr. Colao's argument regarding mitigation of costs, I find that the testimony of Mr. Zorro established that the granite countertops could not be "reused" by GraniTech on other projects because of the unique fabrication required for each kitchen. (Transcript pp. 117:8-118:17.)

## IV. *Conclusion*

In light of the foregoing, I find that GraniTech has carried its burden in demonstrating its entitlement to the $8,200.00 setoff from Mr. Colao's commission on the Clarendon project.

---

[2] Mr. Colao maintained that he was only aware of problems with one countertop. (Transcript pp. 88:16-89:19.) Nevertheless, he did admit that he agreed to bear at least some of the costs associated with the problems resulting from the mislabeling of the granite. *Id.*