# CIRCUIT COURT OF FAIRFAX COUNTY

Rhonda Macdonald

v.

Kathleen Corrigan et al.

August 8, 2012

Case No. CL-2010-10236

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on March 1, 2012, upon Defendants Kathleen Corrigan, M.D., and Fairfax Radiological Consultants, P.C.s' Motion to Set Aside the Verdict and Motion for a New Trial. Within their motion, Defendants request alternative relief of remittitur of the verdict and additional alternative relief of reduction of the verdict to the statutory medical malpractice damages cap pursuant to Virginia Code § 8.01-581.15. After considering the pleadings and briefs filed by counsel and oral argument, the Court took the matter under advisement. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

*Background*

On September 15, 2008, Plaintiff Rhonda Macdonald underwent her annual screening mammogram. Defendant Doctor Kathleen Corrigan of Defendant Fairfax Radiological Consultants, the radiologist who analyzed Plaintiff's mammogram films, failed to find evidence of malignancy and did not order any follow-up examination. The next year, Plaintiff's annual mammogram revealed that she had late-stage breast cancer.

On November 10, 2011, a jury found that Defendants were negligent in Doctor Corrigan's interpretation of the 2008 mammogram films and

awarded Plaintiff $2,650,000 in emotional damages and future medical expenses. At trial, Defendants requested jury instructions requiring Plaintiff to prove that Defendants' alleged negligence proximately caused a reduction in life expectancy from above fifty percent to below fifty percent. Plaintiff agreed to these instructions.

Defendants now move to set aside the verdict and for a new trial for the following reasons: (1) there is no cause of action for reduction in life expectancy from above fifty percent to below fifty percent, (2) the claim for emotional damages was improperly submitted to the jury because there was no physical injury and decreased probability of survival was speculative, (3) the claim for future medical expenses was improperly submitted to the jury because it was speculative, and (4) the verdict was excessive.

In the alternative, Defendants ask the court to require Plaintiff Macdonald to remit a portion of the damages award or submit to a new trial on damages or to reduce the damages to the statutory cap.

*Analysis*

## I. *Standard of Review*

In a motion to set aside a jury verdict, the jury verdict must stand if there is "any credible evidence in the record" to support it. *Wooldridge v. Echelon Svc. Co.*, 243 Va. 458, 461, 416 S.E.2d 441 (1992). This Court may only set aside a jury verdict under Virginia Code § 8.01-430 where the verdict is "plainly wrong or without credible evidence to support it." *Lane v. Scott*, 220 Va. 578, 581, 260 S.E.2d 238 (1979). If a reasonable person could have arrived at the challenged verdict, this Court may not substitute its judgment for that of the jurors. *Carter v. Lambert*, 246 Va. 309, 313-14, 435 S.E.2d 403 (1993) (citing *Lane v. Scott*, 220 Va. 578, 581, 260 S.E.2d 238 (1979)); *Doe v. West*, 222 Va. 440, 445, 281 S.E.2d 850 (1981) ("We have long held that, where an impartial jury properly instructed has determined the issue of damages in a personal injury case, the verdict should not be disturbed if it is supported by a logical interpretation of the factual issues.").

## II. *Contested Cause of Action for Reduced Life Expectancy*

Although counsel on both sides provide the Court with compelling arguments about whether a plaintiff can recover for lost life expectancy in Virginia, the issue is not properly before this Court. Recovery for lost life expectancy became the law of this case when Defendant failed to object to and, indeed, introduced jury instructions on lost life expectancy. Where a party fails to object to a jury instruction, even if the instruction is facially wrong, that instruction becomes the binding law of the case from that point forward. *See Spitzli v. Minson*, 231 Va. 12, 18-19, 341 S.E.2d 170

(1986); *Hilton v. Fayen*, 196 Va. 860, 866-67, 86 S.E.2d 40 (1955) ("It has been long settled in this jurisdiction that *a party cannot complain of an instruction given at his insistence*.") (emphasis added).

In *Hilton v. Fayen*, the defendant, a partner in a partnership, agreed to a jury instruction which made him jointly and severally liable if the jury found that the partnership had borrowed money and not repaid it. *Hilton*, 196 Va. at 865. The defendant appealed the jury's decision, claiming that he could not be jointly and severally liable for the debts of the partnership as a matter of law. *Id.* at 866. While the court found the defendant's argument interesting, the court also did not find it necessary to decide the issue, "in view of the [jury] instruction which both plaintiff and defendant asked for and induced the court to give." *Id.* According to the court:

> In requesting. [the jury instruction], defendant waived all objections theretofore made, thereby eliminating all prior questions of error from our consideration. The instruction became the law of this case and as such is binding on the parties to this action. . . . Where both plaintiff and defendant have asked for and have induced the court to give an instruction upon a given theory of the law, neither will be permitted after a verdict to question that theory.

*Id.* at 866-67.

In *Spitzli v. Minson*, the defendant also failed to register an objection to jury instructions. *Spitzli*, 231 Va. at 18. In *Spitzli*, the instructions allowed the jury to find that the defendant's negligence was the sole proximate cause of the plaintiff's damages. *Id.* at 20. However, unlike *Hilton*, the defendant moved to set aside the verdict, claiming that the defendant should have won as a matter of law because of contributory negligence. *Id.* at 19. The *Spitzli* court held that, by failing to object to the jury instructions, the defendant waived any claim that the trial court erred in not ruling as a matter of law on the issues of proximate cause or contributory negligence. *Id.* at 18. The defendant's motion to set aside the verdict did not cure his waiver. *Id.* at 19.

In the case at bar, Defendants did not merely fail to object to jury instructions introduced by the opposing party, the Defendants actually proffered the jury instructions allowing recovery for lost life expectancy which they now argue is not the law. Just like in *Spitzli* and *Hilton*, these instructions established a theory of recovery, which the court was induced to present to the jurors. *See Spitzli*, 231 Va. at 19; *Hilton*, 196 Va. at 867. As held by the Supreme Court of Virginia in those cases, Defendant cannot now claim that the court erred in not ruling on this issue as a matter of law, because the theory set forth in the agreed-upon jury instructions became the binding law of the case. *See Spitzli*, 231 Va. at 18; *Hilton*, 196 Va. at 867. Defendants failed to preserve an objection to the instruction, and, as

specified in *Spitzli*, Defendants' motion to set aside the jury's verdict does not cure their waiver on the issue of lost life expectancy. *See Spitzli*, 231 Va. at 19.

For the foregoing reasons, Defendants' agreement to the jury instructions constitutes a waiver to any claim that the Court erred in not ruling on lost life expectancy as a matter of law. Allowing the jury to find on lost life expectancy established the law of this case, which was binding from that point forward.

## III. *Damages*

Defendants challenge the sufficiency of the damages submitted to the jury. According to Defendant, emotional damages were improper because of an alleged lack of physical injury and an overly speculative basis for the claim. Defendants similarly allege that future medical expenses were improper because they were speculative.

### A. *Alleged Lack of Physical Injury*

According to Defendants, emotional damages are not allowed where there is no physical injury. This is an accurate statement of the law in Virginia; however, in this case there is a physical injury. In Virginia, where a doctor fails to diagnose a problem, an actionable injury occurs at the point where the problem develops into a more serious condition. *See St. George v. Pariser*, 253 Va. 329, 334, 484 S.E.2d 888 (1997). Where a failure to diagnose deprives the patient of an opportunity to seek treatment and the patient suffers emotional distress following the resulting injury, emotional damages are a proper remedy. *See Naccash v. Burger*, 223 Va. 406, 415-16, 290 S.E.2d 825 (1982).

In *St. George v. Pariser*, the defendant doctor negligently failed to diagnose the plaintiff's cancer, which resulted in the cancer metastasizing to other parts of the plaintiff's body. *St. George*, 253 Va. at 334. The court held that an actionable injury occurred at the point where the cancer developed as a result of the defendant's misdiagnosis to a more dangerous stage. *Id.* (citing *Jenkins v. Payne*, 251 Va. 122, 465 S.E.2d 795 (1996); *Lo v. Burke*, 249 Va. 311, 455 S.E.2d 9 (1995); *Renner v. Stafford*, 245 Va. 351, 429 S.E.2d 218 (1993)).

The Virginia Supreme Court quoted approvingly from an Arizona misdiagnosis case:

> Where a medical malpractice claim is based on a misdiagnosis or failure to diagnose a condition, the "injury" . . . is the development of the problem into a more serious condition

> which poses greater danger to the patient or which requires
> more extensive treatment.

*Id.* (quoting *De Boer v. Brown*, 138 Ariz. 168, 170, 673 P.2d 912 (1983)).

In *Naccash v. Burger*, the defendants negligently failed to diagnose the plaintiffs, expecting parents, as carriers of Tay-Sachs disease. *Naccash*, 223 Va. at 414. As a result, the plaintiffs did not obtain an amniocentesis, which would have revealed Tay-Sachs in their unborn child and would have prompted the plaintiffs to obtain an abortion. *Id.* at 411, 414. Instead, the child was born with Tay-Sachs, leaving the plaintiffs in a position of observing their child dying a slow death over the course of several months. *Id.* at 411.

The *Naccash* Court held that, even though the "injury" resulting from misdiagnoses accrued to the child, the plaintiffs, as parents, also suffered a "direct injury," which was foreseeably and proximately caused by the defendant's misdiagnosis. *Id.* at 414. The court held that emotional damages were appropriate in this case, even in the absence of a physical impact. *Id.* at 415.

In this case, as in *St. George*, and many other medical misdiagnosis cases in Virginia, Defendants' negligent failure to diagnose Plaintiff's cancer deprived Plaintiff of the opportunity to seek treatment. *See, e.g., St. George*, 253 Va. at 334 (citing *Jenkins v. Payne*, 251 Va. 122, 465 S.E.2d 795 (1996); *Lo v. Burke*, 249 Va. 311, 455 S.E.2d 9 (1995); *Renner v. Stafford*, 245 Va. 351, 429 S.E.2d 218 (1993)). During the thirteen months between Plaintiff's erroneously clean cancer screening and her subsequent diagnosis with breast cancer, Plaintiff's condition progressed from a treatable Stage I or II to a far more dangerous Stage III, and her tumor increased in size from 2.5 centimeters to 8 centimeters. Like *St. George*, this physical advancement of cancer is an actionable injury. *See id.* Based on the evidence at trial, the jury was reasonable in finding that Defendants' failure to diagnose was the proximate cause of injury.

As demonstrated in *Naccash*, the emotional damages resulting from misdiagnosis are an appropriate remedy where they are foreseeable and proximately caused by a defendant's negligent misdiagnosis. *See Naccash*, 223 Va. at 414-15. This is an even stronger case than *Naccash*, because Plaintiff does not need to establish the directness of her injury, since she was the misdiagnosed patient and the actual victim of the resulting disease. *See id.*

For the foregoing reasons, Plaintiff suffered a physical injury, and Plaintiff's emotional damages pursuant to that physical injury were properly submitted to the jury.

## B. *Alleged Speculative Nature of Emotional Damages*

Defendants next contend that the evidence of reduced life expectancy from above to below fifty percent is purely speculative and based solely on statistics, and, therefore, the emotional damages flowing from this reduced life expectancy were improperly submitted to the jury. However, attacking the basis for the reduced life expectancy injury as improper evidence of emotional damages is just a different mode for Defendants to claim that they win as a matter of law, because lost life expectancy was not a real injury.

As this Court has discussed, Defendant waived any contention that the court erred in not ruling on the issue of life expectancy as a matter of law. *See supra* Part II. Because of Defendants' proffered jury instruction, it became the law of this case that reduction in life expectancy from above to below fifty percent was a proper finding for the jury. *See supra* Part II.

Having found that Defendants' negligence was the proximate cause of reduced life expectancy, the jury properly considered whether Defendants' negligence foreseeably and proximately caused the emotional damages for this injury. *See supra* Part II; *see also Naccash*, 223 Va. at 414 (*holding* that, in a misdiagnosis case, where the misdiagnosis was a breach of duty and caused an actionable injury, the victims are entitled to damages that are the "reasonable and proximate consequences," which a reasonable person could have foreseen).

## C. *Alleged Speculative Nature of Future Medical Expenses*

Defendants' next challenge to the damages award alleges that the evidence of future medical expenses was speculative and based purely on statistics. In Virginia, awards for future medical expenses are appropriate where there is evidence to support the damages to a reasonable degree of certainty. *Hailes v. Gonzales*, 207 Va. 612, 614, 151 S.E.2d 388 (1966) ("Proof with mathematical precision is not required, but there must be at least sufficient evidence to permit an intelligent and probable estimate of the amount of damage.").

There are many Virginia cases that support the proposition that unsupported assertions of future medical expenses are not enough for a jury verdict. *See, e.g., Oak Knolls Realty Corp. v. Thomas*, 212 Va. 396, 397, 184 S.E.2d 809 (1971) (overturning future medical expenses jury instructions where the plaintiff's medical experts did not testify as to whether future medical care would be required). In this case, however, Plaintiff presented evidence to the jury in the form of qualified medical experts who testified that, as a result of misdiagnosis, recurrence of cancer in Plaintiff's body was more likely than not and that the expenses for treatment would be upwards of $300,000 and possibly as high as $1,000,000. The Court holds that this

range provides evidence sufficient to permit an intelligent and probable estimate of the amount of damage to the finder of fact. As such, the measure of future medical expenses was not speculative and was properly submitted to the jury for its consideration.

### D. *Remittitur and Reduction of Verdict to the Statutory Cap*

Defendants request the alternative relief of remittitur of the verdict. In Virginia, "[W]hile a trial judge may not arbitrarily substitute his opinion for that of the jury, he has both the power and the duty to correct a verdict which he finds so excessive as to shock the conscience of the court or to compel the conclusion that the verdict was the product of passion or prejudice or some misunderstanding of the facts or the law." *Robinson v. Old Dominion Freight Line, Inc.*, 236 Va. 125, 129, 372 S.E.2d 142 (1988) (quoting *Hogan v. Carter & Grinstead*, 226 Va. 361, 310 S.E.2d 666 (1983)). A trial court's authority over a verdict "is an ancient and accepted part of the common law." *Id.* at 128 (quoting *Smithey v. Refining Co.*, 203 Va. 142, 145, 122 S.E.2d 872 (1961)). This common-law authority includes a trial court's power to order a remittitur, *id.* (citing *Chesapeake & O. Ry. v. Arrington*, 126 Va. 194, 217, 101 S.E. 415 (1919)), a rule that has been "tacitly recognized and impliedly ratified" by the General Assembly. Virginia Code §§ 8.01-383, 8.01-383.1; *see also Bassett Furniture v. McReynolds*, 216 Va. 897, 910, 224 S.E.2d 323 (1976). The Court in its discretion declines to remit the instant verdict.

Defendants additionally request the alternative relief of reduction of the verdict to the statutory cap pursuant to Virginia Code § 8.01-581.15. Virginia Code § 8.01-581.15, entitled, "Limitation on recovery in certain medical malpractice actions," states:

> In any verdict returned against a health care provider in an action for malpractice where the act or acts of malpractice occurred on or after August 1, 1999, which is tried by a jury or in any judgment entered against a health care provider in such an action which is tried without a jury, the total amount recoverable for any injury to, or death of, a patient shall not exceed the following, corresponding amount. . . .

The Court holds that the facts and circumstances of this case entitle Defendants to the relief requested under the statute in an amount which corresponds with the time periods set forth in the statute. As such, Defendants' request for relief pursuant to Va. Code § 8.01-581.15 is granted.

*Conclusion*

For the reasons set forth above, Defendant's Motion to Set Aside Verdict and for a New Trial is granted in part and denied in part.