Present: All the Justices

CAROL M. HOLLES, ADMINISTRATRIX
OF THE ESTATE OF ROSEMARY LOUISE BRABAND

v. Record No. 980482    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        January 8, 1999
SUNRISE TERRACE, INC.


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Leslie M. Alden, Judge


    In this appeal, we consider whether the trial court erred in entering judgment for a defendant provider of management services at an "adult care residence" on counts of breach of contract and negligence, which arose from an attack by an intruder on the plaintiff's decedent, a tenant in the facility.

    In May 1994, Sunrise Terrace, Inc. (Sunrise) provided food and management services to the residents of the Lincolnian Senior Center (the Center) under a contract with Fairfax County. Various Fairfax County agencies operate the Center to provide services and programs for senior citizens. The Center includes an adult care residence licensed under Code § 63.1-175, consisting of two different types of housing for senior citizens. The second floor of the Center has semi-private rooms for residents who require assistance with such daily activities as eating, bathing, and dressing, but who do not require the medical services of a nursing home. The residences on the third floor are efficiency apartments for residents who are capable of

performing all activities of daily living without assistance from the facility's staff.  Third floor residents cook their own food, leave the building whenever they choose, have overnight guests, and otherwise lead independent lives.

In May 1994, the plaintiff's decedent, Rosemary Louise Braband, was a tenant of the Center in a third floor efficiency apartment.  Braband leased the apartment from the Fairfax County Redevelopment and Housing Authority.

The contract between Sunrise and the County consisted of a Request for Proposal issued by the County and a Proposal submitted by Sunrise in response, along with several amendments. In the Request for Proposal, the County provided:  "The management firm should indicate its plan to ensure the physical security of the residents, particularly those in the second floor Assisted Living portion."  In its Proposal, Sunrise specified that it would have an employee present at the front desk during the times that the front door was unlocked. Sunrise's proposal further provided:  "All other doors are kept locked at all times."

Sometime before 8:00 a.m. on the morning of May 25, 1994, before the Center's front door was unlocked for the day, a man later identified as Byron C. Pooler went to the door of Braband's apartment and identified himself as a maintenance

worker.  Thinking that Pooler had come to repair her air conditioner, Braband allowed him to enter her apartment.

Pooler placed a kitchen knife at Braband's throat and demanded money, but Braband only had three dollars in her wallet.  Pooler then raped Braband and demanded that she write him a check for fifty dollars.  Prior to this attack on Braband, there had been no criminal acts committed on any Center resident.

Pooler later was arrested for rape and robbery.[1]  In a statement made to Detective Charles Arnone of the Fairfax County Police Department, Pooler said that he gained entrance to the Center by waiting until a side door was opened from within and then walking through the doorway past the person who had opened the door.

In Count I of the amended motion for judgment, Carol M. Holles, the administratrix of Braband's estate,[2] alleged that Braband was a third party beneficiary of Sunrise's contract with Fairfax County, and that Sunrise breached the contract by failing

---

[1]Pooler pleaded guilty to the rape and robbery of Braband. He received a sentence of life imprisonment on the rape charge and twenty years' imprisonment on the robbery charge.

[2]This action originally was brought by Rosemary Braband. After Braband's death while the action was pending, Carol Holles, administratrix of Braband's estate, was substituted as plaintiff.  Holles stipulated that Braband's death was not causally related to Pooler's assault on Braband.

to provide adequate security at the Center.  In Count II, Holles alleged that Sunrise was negligent in allowing Pooler to gain entrance to the Center, and that this negligence was a proximate cause of the assault on Braband.

A jury heard the above evidence in a four-day trial.  The court took under advisement Sunrise's motion to strike the evidence on the negligence count, in which Sunrise asserted that it did not owe a common law duty of care to Braband, but owed only those obligations assumed in its contract with Fairfax County.  At the conclusion of the evidence, the trial court instructed the jury on both contract and negligence theories.  Over Sunrise's objection, the trial court instructed the jury that Sunrise, as manager of an adult care residence for the elderly, "has undertaken a duty to use ordinary care to prevent criminal acts of third persons which could be reasonably foreseen or anticipated."  The jury returned a verdict in favor of Sunrise on the count alleging breach of contract, and in favor of Holles on the negligence count, awarding damages of $388.50.

Both parties moved to set aside the jury's verdict.  The trial court granted Sunrise's motion to set aside the verdict on the negligence count, and denied Holles' motion to set aside the verdict on the contract count.  On the negligence count, the court agreed with Sunrise's argument that there was no "special

4

relationship" between Sunrise and Braband, stating that Sunrise was "neither the owner of the property, nor Ms. Braband's landlord; Sunrise was merely a provider of services to the Center pursuant to the terms of its contract with Fairfax County." Thus, the court concluded that "Sunrise's duty to Ms. Braband, if any, was governed by the contractual provisions and not by the common law of negligence." The court entered final judgment in favor of Sunrise on both counts.

On appeal, Holles first argues that the trial court erred in refusing to allow Priscilla R. Joyner, a registered nurse, to testify as an expert witness on "rape trauma syndrome" and its effects on the victims of such crimes. Holles contends that, although she failed to proffer the substance of Joyner's qualifications and proposed testimony, she is entitled to a new trial on this issue because the trial court summarily refused to admit the evidence on the grounds that Joyner was not a medical doctor. We disagree.

When testimony is excluded before it is presented, the record must reflect a proper proffer showing what the testimony would have been. Chappell v. Virginia Elec. Power Co., 250 Va. 169, 173, 458 S.E.2d 282, 285 (1995); see Williams v. Harrison, 255 Va. 272, 277, 497 S.E.2d 467, 471 (1998). Without such a proffer, we cannot determine the admissibility of the proposed testimony and, if admissible, whether the court's exclusion of

5

that evidence prejudiced Holles. Thus, we are unable to consider Holles' first assignment of error.

Holles next argues that the trial court erred in granting Sunrise's motion to strike the evidence on the negligence count. Holles contends that the contract between Sunrise and Fairfax County established a "special relationship" between Sunrise and the Center residents, imposing on Sunrise a common law duty to protect the residents from the foreseeable criminal acts of third parties. Holles asserts that Sunrise's breach of this alleged duty is actionable under common law negligence principles. We disagree with Holles' argument.

To establish a cause of action for negligence, the duty alleged to have been tortiously breached must be a common law duty, not a duty arising between the parties solely by virtue of a contract. Foreign Mission Bd. v. Wade, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). Therefore, for Holles to maintain a negligence claim against Sunrise, she must identify a common law duty owed by Sunrise to her, which arose separate and apart from any duty imposed by Sunrise's contract with Fairfax County.

The issue whether Sunrise owed a common law duty of care to Braband is a question of law. See A.H. v. Rockingham Publishing Co., 255 Va. 216, 220, 495 S.E.2d 482, 485 (1998); Burns v. Johnson, 250 Va. 41, 45, 458 S.E.2d 448, 451 (1995). Before any duty of care can arise to control the conduct of third persons,

6

there must be a special relationship between the defendant and either the plaintiff or the third person.  A.H., 255 Va. at 220, 495 S.E.2d at 485; accord, Burdette v. Marks, 244 Va. 309, 312, 421 S.E.2d 419, 420 (1992).  We have recognized a special relationship between a defendant and a plaintiff in cases involving a common carrier and its passenger, a business proprietor and its invitee, and an innkeeper and its guest. A.H., 255 Va. at 220, 495 S.E.2d at 485; Klingbeil Management Group Co. v. Vito, 233 Va. 445, 448, 357 S.E.2d 200, 201 (1987). However, these are not exclusive examples of a special relationship.  A.H., 255 Va. at 220, 495 S.E.2d at 485; Gulf Reston, Inc. v. Rogers, 215 Va. 155, 158, 207 S.E.2d 841, 844 (1974).

An essential characteristic of a special relationship is that it provides a right of protection to a plaintiff by a defendant from the criminal acts of third persons that can be reasonably foreseen or anticipated.  See Klingbeil, 233 Va. at 447-48, 357 S.E.2d at 201; Gulf Reston, 215 Va. at 158, 207 S.E.2d at 844.  In Klingbeil and Gulf Reston, we held that there generally is no special relationship between a landlord and a tenant that would impose a common law duty on the landlord to protect the tenant from an intentional criminal act of an unknown third person.  See id.

7

As the trial court properly recognized in this case, Sunrise did not even have the common law status of a landlord, but was present on the premises solely pursuant to its management services contract with Fairfax County. Therefore, we conclude that Sunrise did not have a special relationship with Braband, a resident of the "independent living" floor of the Center, because there was no right of protection inherent in their relationship separate and apart from any duties imposed by Sunrise's contract with the County. Accordingly, we hold that the trial court did not err in dismissing the negligence count.[3]

Holles' remaining assignments of error, which concern her breach of contract action, are procedurally defaulted for various reasons. Holles argues that the trial court erred in instructing the jury regarding incidental beneficiaries to a contract. Instruction No. DD, which was offered by Sunrise, provided: "A person who benefits only incidentally from a contract between others cannot sue upon the contract."

After Sunrise offered this instruction, Holles' counsel stated: "We don't object to the instruction." The instruction was given to the jury along with two instructions defining third party beneficiaries and their rights under a contract. These three instructions placed before the jury the issue whether

_____

[3]Based on this holding, we do not address Holles' assignment of error that she was entitled to a new trial on the issue of

8

Braband was a third party beneficiary of Sunrise's contract with Fairfax County. Although Holles argued in her motion to set aside the verdict that she had objected to the incidental beneficiary instruction offered by Sunrise, the record discloses that she did not. Since Holles did not raise a timely objection to Instruction No. DD, we will not consider her objection to that instruction on appeal. Rule 5:25; see Morgen Indus., Inc. v. Vaughan, 252 Va. 60, 67-68, 471 S.E.2d 489, 493 (1996); Williams v. Commonwealth, 248 Va. 528, 537, 450 S.E.2d 365, 372 (1994), cert. denied, 515 U.S. 1161 (1995).

We also do not reach the merits of Holles' contention that the trial court erred in refusing "to declare the Plaintiff's Decedent a third party beneficiary as a matter of law." We observe the general rule that, when an issue has been submitted to a jury under instructions given without objection, such assent constitutes a waiver of any contention that the trial court erred in failing to rule as a matter of law on the issue. See Spitzli v. Minson, 231 Va. 12, 17-19, 341 S.E.2d 170, 173-74 (1986); Hilton v. Fayen, 196 Va. 860, 866-67, 86 S.E.2d 40, 43 (1955). Thus, in agreeing to submit to the jury the issue whether Braband was an incidental or a third party beneficiary of the contract, Holles waived her argument that the trial court erred in refusing to declare Braband a third party beneficiary

---

damages only on the negligence count.

9

as a matter of law. See Rule 5:25; Spitzli, 231 Va. at 17-18, 341 S.E.2d at 173; Hilton, 196 Va. at 866-67, 86 S.E.2d at 43.

We next note that although Holles contends the trial court erred in refusing to instruct the jury "that the failure to keep the rear entry door closed and locked was a breach of contract as a matter of law," Holles failed to request such an instruction during the trial. Therefore, we do not address this matter. Rule 5:25.

Finally, although Holles assigns error to the trial court's refusal to set aside the verdict for Sunrise on the third party beneficiary breach of contract claim, she does not discuss this assignment of error in her brief. Thus, she has abandoned that issue. See Williams, 248 Va. at 537, 450 S.E.2d at 372; Durham v. National Pool Equip. Co. of Va., 205 Va. 441, 445, 138 S.E.2d 55, 58 (1964).

For these reasons, we will affirm the trial court's judgment.

Affirmed.