# CIRCUIT COURT OF THE CITY OF RICHMOND

Peter T. Wilbanks
and Kelly Jones Wilbanks

v.

Gene Watson et al.

September 15, 2000

Case No. LE-1283-3

BY JUDGE T. J. MARKOW

This case is before the court on Motions for Summary Judgment by all parties.

Briefly, the Wilbanks agreed to purchase a piece of property, 1256 Rothesay Circle, from Prudential Home Mortgage Corporation ("Prudential"). In connection with the purchase, the settlement agent ordered a survey through Gene Watson and Associates. Gene Watson performed the survey of the property and delivered the resulting map to the settlement agent. At closing, the survey was delivered to the Wilbanks. The Wilbanks purchased title insurance on the property through Fidelity National Title Insurance Company of New York ("Fidelity"). The policy was issued without survey exceptions dealing with the issues here.

At the time of closing, a visual examination of the lot showed that the front yard and two driveways extended from the house to the paved surface of Rothesay Circle. One of the driveways was bordered by a stone wall. There were no visual boundaries that indicated that any portion of the parking and front yard area would not be conveyed with the property. Shortly after closing on the property, the Wilbanks discovered that part of the front yard, the driveways and stone wall, in fact, were partially located on property not owned

by the Wilbanks. The survey prepared by Watson failed to indicate that these appurtenances crossed the Wilbanks' property line and encroached onto someone else's property. After making this discovery, the Wilbanks filed suit against Gene Watson, Gene Watson and Associates, Fidelity, and Prudential. Prudential was subsequently dismissed from the suit.

Count One of the Amended Motion for Judgment alleges a claim for common law professional negligence against Mr. Watson and Gene Watson and Associates (collectively "Watson"). Count Two alleges a claim of negligence *per se* against Watson. Count Three alleges a claim for constructive fraud against Watson. Count Four is a breach of contract claim against Watson, and Count Five is a claim for breach of the insurance contract against Fidelity.

Plaintiffs filed a Motion for Partial Summary Judgment on the issue of liability against Watson and Fidelity on all counts. Fidelity filed a Cross Motion for Summary Judgment against the Wilbanks with respect to Count Five, claiming that, as a matter of law, the title insurance purchased from Fidelity did not provide coverage for the plaintiffs' claim. Watson filed a Cross-Motion for Summary Judgment on Counts One, Two, Three, and Four.

Watson's Motion for Summary Judgment and the accompanying memoranda assert that Counts One, Two, and Three should be dismissed because the plaintiffs do not have a cause of action in tort. The court agrees with this proposition. The breach of a contract, by itself, does not give rise to a negligence action. See *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148 (1991). In order for a breaching party to be liable on both contract and tort theories, "The duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." *Wade*, 242 Va. at 241, 409 S.E.2d at 148. See also *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 507 S.E.2d 344 (1998); *Holles v. Sunrise Terrace, Inc.*, 257 Va. 131, 509 S.E.2d 494 (1999).

In Counts One, Two, and Three, the Wilbanks allege that Watson failed to meet the standard of care that is customary in the surveying profession. This duty is not a common law duty; rather, it is a duty that arose only by virtue of the contract between plaintiffs and Watson to perform the survey of 1256 Rothesay Circle. For this reason, plaintiffs do not have a cause of action in tort against Watson; therefore, Watson's Motion for Summary Judgment on Counts One, Two, and Three is sustained. Accordingly, Plaintiffs' Motion for Partial Summary Judgment on the issue of liability with respect to Counts One, Two, and Three is denied.

Plaintiffs' Motion for Summary Judgment with respect to Count Four alleges that Watson breached the contract to perform the survey by failing to

complete the work in compliance with the standard of care of the surveying profession.

Normally, expert testimony is required to establish the standard of care for a profession and whether or not that standard of care was met is a question of fact. See *Spainhour v. B. Aubrey Huffman and Assocs., Ltd.*, 237 Va. 340, 346, 377 S.E.2d 615, 619 (1989). There are, however, exceptions to this general proposition. If the standard of care has risen to the level of becoming a rule of law, then the standard is "not subject to expert opinions expounding local practices." *Spainhour*, 237 Va. at 346, 377 S.E.2d at 619. The regulations in the instant case constitute such an exception.

The minimum standards for performance of surveys by professional land surveyors are encompassed in the regulations promulgated by the Board of Architects, Professional Engineers, Land Surveyors, Certified Interior Designers and Landscape Architects ("the Board") pursuant to Va. Code Ann. § 54.1-404 (Michie 1998). The portions of the regulations which govern boundary surveys and surveys that determine the location of physical improvements on parcels of land containing less than two acres dictate the standard of care in this case. As the Court in *Spainhour* explained, exceptions that rise to the level of being rules of law establish standards that do not allow for the exercise of discretion and judgment. See 237 Va. at 346, 377 S.E.2d at 619.

The regulations issued by the Board state with specificity the information that must be included on all plats that depict the results of surveys. See 18 VAC 10-20-370 and -380. The regulations use the mandatory word "shall," indicating that land surveyors are not to exercise any discretion with respect to the requirements. As such, the Board's regulations rise to the level of rules of law. Because the standard of care for land surveyors conducting surveys falls within the category of exceptions noted by the *Spainhour* Court, expert testimony is not necessary to establish what the standard is.

Specifically, these regulations require that a surveyor identify physical encroachments across property lines. See 18 VAC 10-20-380(C)(5). In fact, the survey itself represents that this requirement was met. The survey provided to the Wilbanks by Watson expressly states that "THERE ARE NO ENCROACHMENTS BY IMPROVEMENTS EITHER FROM ADJOINING PROPERTY OR FROM SUBJECT PROPERTY UPON ADJOINING PROPERTY, OTHER THAN AS SHOWN HEREON . . ." (emphasis by capitalization in original). Without dispute, Watson failed to note on the survey that the driveways, the stone wall, and the accompanying landscaping which were obvious appurtenances to the lot were actually located across the property line and located on the property of another. In failing to indicate this fact, Watson failed to comply with the

minimum standards of the surveying profession. As such, Watson breached the contract.

Because there is no genuine dispute as to any material fact concerning the breach of the contract, Plaintiffs' Motion for Partial Summary Judgment on the issue of liability with respect to Count Four is sustained. Accordingly, Watson's Motion for Summary Judgment with respect to Count Four is denied.

Watson also alleges in its Motion for Summary Judgment that the plaintiffs have suffered no damages and that all Counts should be dismissed on this basis. Whether or not the plaintiffs have incurred any damages as a result of Watson's actions is still a matter in dispute and, therefore, summary judgment is not appropriate on this ground.

It is, therefore, ordered that Watson's Motion for Summary Judgment is sustained as to Counts One, Two, and Three and is denied as to Count Four. It is also ordered that Plaintiffs' Motion for Partial Summary Judgment is sustained as to Count Four and is denied as to Counts One, Two, Three, and Five. Further, it is ordered that Fidelity's Motion for Summary Judgment is denied.