## CIRCUIT COURT OF THE CITY OF RICHMOND

Curtis Isbell
and Ann M. Isbell

v.

James C. Chancey, Jr.,
Kathryn Lee Chancey,
and Hickman's Termite
and Pest Control, Inc.

January 26, 2001

Case No. LL-271-1

BY JUDGE MELVIN R. HUGHES, JR.

In this suit arising from the purchase of a residence brought by the purchasers against several parties related to the transaction, one of the defendants, Hickman's Termite and Pest Control, Inc., has brought on for hearing its demurrer to plaintiffs' Second Amended Motion for Judgment. Following argument on the demurrer, the court took the matter under advisement.

The Second Amended Motion for Judgment states three causes of action against Hickman. Count I alleges a breach of contract. Here, plaintiffs allege that Hickman's contract with defendants sellers to do an inspection prior to closing required Hickman to report the existence of damage to the house, to explain any impediments encountered while making the inspection, and to disclose any failure to inspect specific areas of the house. In this regard, plaintiffs allege that Hickman breached these obligations by "failing to find, discover, and report the massive and substantial damage . . . to the property." Count II alleges negligence and gross negligence. Finally, as to Hickman, Count V alleges a violation of the Virginia Consumer Protection Act, Va.

Code § 59.1-196 *et seq*. The inspection report and the purchase agreement are attached to the pleading as a part thereof. Hickman has demurrer to Counts I and II.

## Count I: Breach of Contract

Hickman argues that plaintiffs do not have standing to bring a breach of contract claim against it because the contract between the sellers and Hickman to do the inspection did not create a third party beneficiary contractual relationship. It also argues that the inspection report it furnished to the sellers, who in turn provided it to plaintiffs, precludes any claim for liability for breach of contract. Hickman points to provisions in the report that contain the following statements; (1) there could be hidden damage to the house; (2) the company is not qualified in damage evaluation; and (3) any reported damage should be examined by persons qualified in repairs. Moreover, Hickman contends, the inspection uncovered damage, which the report indicates.

## Count II: Negligence and Gross Negligence

Here Hickman argues that it had no duty to plaintiffs, and if any such existed, there is no breach and that the facts alleged are insufficient to support a claim for punitive damages.

## Analysis

The court considers a demurrer on the principle that a demurrer admits the truth of the facts contained in the questioned pleading as well as the facts that may be reasonably and fairly implied and inferred from the allegations. *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397 (1991). At the same time a demurrer does not admit conclusions of law in the pleading. *Ward's Equip., Inc. v. New Holland North Am., Inc.*, 254 Va. 279, 382 (1997). Utilizing these principles, the court will overrule the demurrer as to Count I and sustain it as to Count II.

"In order to present an [a] third-party beneficiary contract theory, the party claiming the benefit must show that the parties to the contract 'clearly and definitely intended' to confer a benefit upon him." *Cobert v. Home Owners Warranty Corp.*, 239 Va. 460, 466 (1990), quoting *Copenhaver v. Rogers*, 238 Va. 361, 367 (1989). Plaintiff allege that the contract between defendants' seller and Hickman to provide an inspection report was made to benefit them. They also allege: (1) At the time of the inspection report, plaintiffs had entered

in the Purchase Agreement with the sellers, (which is attached to the pleading); (2) Hickman knew the sellers and plaintiffs had entered into the Purchase Agreement; (3) The report issued by Hickman contains the notation "Seller/Buyer: Chancey to Isbell," recognizing this. Further, plaintiffs note that the Purchase Agreement contains a provision that required the sellers to repair any damage up to a certain amount caused by wood destroying insects and organisms and allowed plaintiffs to void the agreement in event there was no agreement on the repair of such damage. Thus, only through receipt of the report provided by Hickman would plaintiffs have been able to exercise their options.

On demurrer Hickman cannot point to the disclaimers in the report to avoid plaintiffs' claim under Count I. In *Ash v. All Star Lawn and Pest Control, Inc.*, 256 Va. 520 (1998), the report in that case contained similar disclaimers as those here. At trial, the *Ash* plaintiffs proved both extensive moisture and termite damage but the trial court ruled that they could not recover because of the disclaimers. The Supreme Court of Virginia reversed, holding that "merely making a broad and generalized disclaimer . . . following a casual or defective inspection does not automatically insulate the inspector from contract liability." *Id.* at 525. Continuing, the court said: "The inspector in preparing the report, undertakes the obligation to report clearly and effectively the existence of damage to the structure inspected." *Id.* at 525.

"To establish a cause of action for negligence, the duty alleged to have been tortiously breached must be a common law duty, not a duty arising between the parties solely by virtue of a contract." *Holles v. Sunrise Terrace, Inc.*, 257 Va. 131 (1999). Outside of contract, Hickman owed no common law duty to plaintiffs. Accordingly, Hickman's demurrer respective to Count II alleging negligence is sustained.

There is likewise no basis for a claim for punitive damages. The demurrer as to this aspect of the pleading is sustained. *See Kamlar v. Haley*, 224 Va. 699 (1983).