# CIRCUIT COURT OF FAIRFAX COUNTY

Kerrie L. Gonella
and Sandra J. Gonella

v.

Lumbermens Mutual Casualty Co.
and Master Roofing & Siding

March 15, 2004

Case No. (Law) 216138

BY JUDGE STANLEY P. KLEIN

This matter is before the court on the demurrers of Defendants Master Roofing & Siding ("Master") and Lumbermens Mutual Casualty Company ("Lumbermens") to Counts I, II, III, VII, and VIII of Plaintiffs Kerrie and Sandra Gonella's Motion for Judgment. Plaintiffs' Motion for Judgment contains eight counts: Counts I and II allege negligence by Master in connection with replacement and repair work done on the roof of Plaintiffs' property; Count III alleges breach of contract by Master in the performance of that work; Count IV alleges breach of contract by Lumbermens in connection with insurance coverage for Plaintiffs' property; Counts V and VI allege bad faith denial of Plaintiffs' policy coverage by Lumbermens; and Counts VII and VIII allege negligent mold remediation work undertaken by Lumbermens at the Plaintiffs' property. The Plaintiffs are seeking to recover for property damage, personal injuries, and expenses.

At issue is: (1) whether Plaintiffs have stated a valid claim for breach of contract; (2) whether Plaintiffs are barred from recovery pursuant to the economic loss rule; and (3) whether Plaintiffs' claims for property damage and personal injury sounding in negligence are barred because the underlying relationship between the parties is rooted in contract. For the reasons set forth below, the court finds the Plaintiffs have stated cognizable claims under Virginia law. Accordingly, Defendants' demurrers are overruled.

## I. *Background*

In April of 2000, Plaintiffs contracted with Master to install a new roof on their townhouse following payment of a claim to Plaintiffs by Lumbermens for earlier damage to the roof. In June of 2001, following a hail storm, Plaintiffs reported a new leak to both Lumbermens and Master, requesting that Master return to fix the leak. Despite subsequent inspections and work by Master, Plaintiffs continued to observe water in their basement over the next year. The water accumulation finally stopped following repairs by a Master employee on or about August 27, 2002.

In July of 2002, Plaintiffs reported a mold and mildew odor associated with the leak to Lumbermens. Independent mold testing conducted by the Plaintiffs' agent indicated the presence of cladosporium, penicillium, and stachbotrys mold and fungi. After confirming the existence of mold, but without conducting mold testing, Lumbermens arranged for an independent cleaning company to conduct mold remediation on the property.

Subsequent inspections in September and October of 2002 by toxicologists hired by the Plaintiffs confirmed the continued presence of mold. The toxicologists recommended that the Plaintiffs leave the property as soon as possible and remain off the property until after appropriate remediation. As a result, Plaintiffs left the property.

An inspection conducted on behalf of Lumbermens in September of 2002 also confirmed the continued presence of mold, but the inspector concluded that the amounts present did not pose a present danger to the Plaintiffs.

Lumbermens issued a notice of non-renewal of insurance to Plaintiffs in January of 2003 and denied Plaintiffs' June of 2001 claim on July 21, 2003, stating that the property damage was due to infiltration of ground water into the basement as opposed to a roof leak and that the infiltration was not a covered loss.

Plaintiffs filed this Motion for Judgment on July 30, 2003. They allege negligence and breach of contract by Master arising out of the installation and subsequent repair work performed on the new roof of the Plaintiffs' townhouse. Plaintiffs assert that they have suffered damage to their persons and property as a direct result of Master's failure to properly install their roof, to effectively inspect when subsequent problems with the roof occurred, and to adequately repair the roof. In addition, Plaintiffs allege "other various acts of negligence" by Master. (Motion for Judgment ¶ 48, hereinafter "MFJ.") Plaintiffs seek property and personal injury damages for exposure to mold and fungi which they allege is the direct and proximate result of negligence and contract breach by Master. (MFJ ¶¶ 49-51, 54-56.)

Plaintiffs further allege negligence and breach of contract by Lumbermens. They assert that Lumbermens failed to initially ascertain the nature and extent of the mold infestation before authorizing remediation work to commence, despite Lumbermens knowledge that certain mold and fungi could be hazardous to Plaintiffs' health. Plaintiffs further assert that Lumbermens authorized but failed to assure that their agents conducted remediation in a safe manner. (MFJ ¶¶ 74-75, 105(i), (j), (n), 107, 113(i), (j), (n).)

## II. *Analysis*

### A. *Breach of Contract*

In its demurrer, Master argues that Plaintiffs have failed to state a claim for breach of contract under Count III.

A breach of contract claim requires allegations that the defendants have failed to perform under or breached an agreement, causing actual damages which are recoverable under Virginia law. *Haas & Broyles Excavators, Inc. v. Ramey Bros.*, 233 Va. 231, 235-36, 355 S.E.2d 312, 315 (1987). Plaintiffs have stated six grounds for breach of contract against Master: (1) failure to properly install the new roof; (2) failure to install the roof in a workmanlike manner; (3) failure to fully investigate the source of the leak in the roof; (4) failure to properly repair the damage to the roof; (5) failure to respond to complaints by the Plaintiff in a timely fashion; and (6) failure to comply with all the terms of the contract. (MFJ ¶ 60.) Plaintiffs have further alleged property and personal injury damages resulting from these breaches. Therefore, Plaintiffs' claim for breach of contract is sufficient under Virginia law.[1]

### B. *Economic Loss Rule*

Defendant Lumbermens argues that the Plaintiffs' negligence claims under Counts VII and VIII are based solely upon allegations that it failed to perform obligations under the insurance policy and are thus barred from recovery by the "economic loss rule." Plaintiffs respond that in undertaking mold remediation work in their home, Lumbermens committed wrongs independent of their contractual duties resulting in extensive property damage and personal injuries to the Plaintiffs.

---

[1] The court is not ruling that tort damages are properly recoverable under this count. As both contract and tort damages have been alleged, however, sustaining a demurrer dismissing this entire count would not be appropriate.

The "economic loss rule," upon which Lumbermens relies, bars recovery for tort claims alleging strictly economic damages among parties to a contract. *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 421, 374 S.E.2d 55, 56 (1988). In distinguishing damages solely for economic loss from damages for injuries to persons or property, the Supreme Court of Virginia observed that "most jurisdictions equate economic losses, for which no action in tort will lie, with *disappointed economic expectations*." *Id*. at 421, 374 S.E.2d at 56 (emphasis added).

Consistent therewith, the Supreme Court has repeatedly distinguished claims based upon disappointed economic expectations recoverable under a breach of contract claim from claims recoverable in tort. See *Gerald M. Moore & Son, Inc. v. Drewry*, 251 Va. 277, 467 S.E.2d 811 (1996) (upholding denial of recovery in tort for alleged design and engineering defects in a furnace built under contract); *Ward v. Ernst & Young*, 246 Va. 317, 435 S.E.2d 628 (1993) (affirming denial of recovery by a shareholder for alleged substandard professional services rendered by an accountant resulting in disappointed economic expectations); *Copenhaver v. Rogers*, 238 Va. 361, 384 S.E.2d 593 (1989) (affirming denial of a claim by remaindermen under a testamentary trust for alleged negligent performance of legal services by the testator's lawyers); *Rotonda Cond. Owners v. Rotonda Assoc.*, 238 Va. 85, 380 S.E.2d 876 (1989) (upholding denial of a claim by condominium owners for alleged negligent repairs of structural defects in common areas of their property); *Sensenbrenner*, 236 Va. 419, 374 S.E.2d 55 (affirming denial of a landowner's negligence claim against an architect and swimming pool subcontractor for damage to the landowner's home from alleged negligent design and installation of swimming pool); *Blake Construction Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987) (upholding denial of a general contractor's common law tort claim for economic losses stemming from an architectural firm's alleged failure to perform "with the care, skill, and diligence exercised by reasonably prudent and skillful architects" in like circumstances); see also *Virginia Beach Rehab Specialists, Inc. v. Augustine Medical, Inc.*, 58 Va. Cir. 379 (Norfolk 2002) (barring recovery under a claim of constructive fraud for alleged misrepresentations by contracting party regarding elements of the contract); *Hemeon v. Petro-Tech*, 31 Va. Cir. 421 (Loudoun County 1993) (denying recovery in tort for diminution in value of property related to renovation work performed by sub-contractor).[2] In distinguishing such

---

[2] These cases are distinguishable from *Miller v. Quarles*, 242 Va. 343, 410 S.E.2d 639 (1991), in which the Virginia Supreme Court affirmed recovery in tort for loss of specific property placed in the care of a stockbroker's agent as a violation of the agent's common-law duty of reasonable care under the circumstances.

claims from claims sounding in tort law, the Supreme Court has acknowledged that:

> The controlling policy underlying tort law is the safety of persons and property – the protection of persons and property from loss resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that distinction is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on the one hand and economic losses on the other.

*Sensenbrenner*, 236 Va. at 425, 374 S.E.2d at 58. Significantly, the Supreme Court of Virginia has recognized claims for personal injury as an interest protected under tort law. *Blake*, 233 Va. at 34-35, 353 S.E.2d at 726. Here, Plaintiffs claim damages for personal injuries and damages beyond the economic expectations of the contract. As these damages allegedly stem, at least in part, from duties arising from tort law as opposed to the expectations of the parties arising from the relevant contracts, the economic loss rule does not completely bar recovery. As such, the demurrer to Counts VII and VIII must be overruled.

## C. *Negligence Claims*

Defendant Master argues that Plaintiffs' negligence claims under Counts I and II should be dismissed because Virginia does not recognize tort claims for breaches of duties that arise out of a contract between the parties. Plaintiffs respond that the facts alleged in the Motion for Judgment set out common law duties breached by Master which do not arise solely as a result of the contract between the parties. Therefore, according to Plaintiffs, Virginia law does not preclude these claims.

Although no cause of action for negligent breach of contract exists under Virginia law, the Supreme Court has recognized that parties may show both a breach of contract and a tortious breach of duty if "the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent. . . ." *Oleyar v. Kerr*, 217 Va. 88, 90, 225 S.E.2d 398, 399 (1976). The duty asserted must be "a common law duty, not one existing between the parties solely by virtue of the contract." *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998) (citing *Spence v. Norfolk & W. RR.*, 92 Va. 102, 111, 22 S.E. 815, 818 (1895)).

The Supreme Court of Virginia has, in fact, rejected claims sounding in negligence for economic losses resulting from breaches of duties among parties whose relationships were founded in contract. In *Oleyar v. Kerr*, for example, the Supreme Court found that despite an attorney's acknowledgement at trial that he was negligent in failing to find and report a judgment lien as part of a title search, the appropriate action was one for breach of contract, as no duty would have existed other than through the contract. Similarly, in *Kamlar Corp. v. Haley*, 224 Va. 699, 704, 299 S.E.2d 514, 516 (1983), the Court rejected a claim for punitive damages for bad motive in the breach of an employment contract, finding that Virginia law allowed such damages only upon proof of a willful tort based on a duty independent of the duty inherent in a breach of contract claim. In each of these cases, however, the losses asserted were solely economic in nature and no duty beyond a duty to perform according to the contract was adequately asserted or supported by the claims of the plaintiffs.

Later, in *Foreign Mission Board v. Wade*, 242 Va. 234, 409 S.E.2d 144 (1991), the Supreme Court considered a claim for negligence resulting in personal injury against the Foreign Mission Board of the Southern Baptist Convention ("the Board"). The trial court dismissed the negligence claim, finding that the Board was not liable in tort for breach of a duty to care for a family working in Africa under its direction. In that case, the local director failed to take action when he learned of the sexual molestation of one of the family's children by the child's father. In affirming the trial court's dismissal of the negligence count, the Supreme Court noted, in part, that the family had not appealed the trial court's ruling that no common law duty of care existed. As the sole remaining basis for the negligence claim on appeal was negligent breach of a contractual duty, the Court found no cause of action in tort existed. *Id.* at 241, 409 S.E.2d at 148.

Similarly, in *Richmond Metropolitan Auth. v. McDevitt*, the Supreme Court of Virginia upheld the trial court's denial of a claim of constructive fraud brought by the Richmond Metropolitan Authority for McDevitt's alleged misrepresentations that work performed was consistent with the requirements of a design-build contract, *Id.* at 556, 507 S.E.2d at 345. In affirming the trial court's ruling for the defendant, the Supreme Court held that McDevitt's acts constituted nothing more than allegations of negligent performance of contractual duties not actionable in tort.

Most recently, in *Holles v. Sunrise Terrace, Inc.*, 257 Va. 131, 133, 509 S.E.2d 494, 496 (1999), the Supreme Court addressed a trial court's denial of a negligence claim against a management company running an assisted living facility. In *Holles*, the family of the plaintiff decedent alleged that a special relationship existed between the provider of management services at

an assisted living facility and a resident. Consistent with this alleged relationship, the plaintiff argued that the provider's failure to prevent an attack by an intruder on a resident constituted negligence. The Court found that no special relationship existed between the parties. Thus, absent a duty beyond the contract, no action in negligence could be found. *Id.* at 136, 509 S.E.2d at 498.

In ruling against the plaintiffs in *Foreign Mission Board, Richmond Metropolitan,* and *Holles,* the Supreme Court reiterated that, absent the existence of an independent common law duty, no action for tort damages will properly lie between parties to a contract. However, the Supreme Court has recognized the state's strong policy interest in protecting its citizens, stating, albeit in obiter dicta, that personal safety and freedom from physical harm are interests which are entitled to protection under tort law, even in relationships originating from contracts. *Blake Construction Co. v. Alley,* 233 Va. 31, 34-35, 353 S.E.2d 724, 726 (1987) ("where personal injury is threatened, a duty in negligence has been readily found").

Indeed, the Supreme Court has recognized an analogous independent duty when a landlord enters the property of a tenant to conduct repairs. In *Holland v. Shively,* 243 Va. 308, 311, 415 S.E.2d 222, 224 (1992), the Court reinstated a jury's finding that a landlord was liable for his negligent repair of steps which he had agreed to repair as part of a contract with a tenant. In holding for the tenant, the Supreme Court opined: "it has long been the law in Virginia that where a landlord enters leased premises, after delivering possession to the tenant, for the purpose of making repairs, he must use reasonable care in performing the work." *Id.*; see also *Luedtke v. Phillips,* 190 Va. 207, 212, 56 S.E.2d 80, 83 (1949) (stating that, if the landlord, after delivering possession to the tenant, enters to make repairs, whether voluntarily or by agreement, he must use reasonable care in making them).

Inherent in the Plaintiffs' claim in the instant case is an assertion that, when an agent for Master performed repair work on the Plaintiffs' townhouse, a duty existed to perform such work without creating an unreasonably dangerous condition on Plaintiffs' property, a duty akin to the independent duty of the landlord in *Holland* and *Luedtke.* This duty exists apart from expectations associated with the Plaintiffs' contract with Master.

Although this court fully agrees with the rationale underlying the Supreme Court of Virginia's decisions holding that breach of contract cases should not inevitably lead to litigation also sounding in tort, the court declines to extend this rationale to preclude a personal injury claim by someone claiming serious injury arising from a contracting party's creation of an unreasonably dangerous condition. Accordingly, unless and until the Supreme Court holds that barring such claims is an appropriate extension of

its cases, this court declines to so rule. The demurrers are, therefore, overruled as to Counts I and II.

### III. *Conclusion*

For the reasons set out in this letter opinion, the demurrers of Defendants Master Roofing & Siding and Lumbermens Mutual Casualty Company to Counts I, II, III, VII, and VIII of the Motion for Judgment are overruled.