# CIRCUIT COURT OF ALBEMARLE COUNTY

Ruby H. Link

v.

Bayer Cropscience, Inc., et al.

July 26, 2012

Case No. CL12-124

By Judge Paul M. Peatross, Jr.

This action, brought by Ruby H. Link in Albemarle Circuit Court on February 14, 2012, alleges negligence on the part of Bayer Cropscience, Inc., et al., resulting in Plaintiff's exposure to asbestos and asbestos-related materials and eventual contraction of mesothelioma. This letter-opinion addresses demurrers by defendants E. I. DuPont de Nemours and Co. ("DuPont") and Progress Energy Carolinas, Inc. ("PEC"). For the reasons stated below, DuPont's and PEC's demurrers are sustained.

## Statement of Facts

Beginning in 1972 and until 1980, Plaintiff's husband, William Link, worked as an insulator for Brown & Root, an independent contractor that conducted business at various job sites, including, but not limited to, some owned by DuPont and PEC in Virginia and North Carolina. Compl. ¶¶ 1, 23. Plaintiff's husband regularly brought asbestos dust home from these job sites on his clothes and personal property and in the family car. Compl ¶ 1. In 2009, Plaintiff was diagnosed with mesothelioma allegedly caused by these exposures to asbestos. *Id.*

## Procedural History

Plaintiff filed a Complaint in Albemarle Circuit Court alleging Negligence against DuPont and PEC, Counts III and V, respectively. Plaintiff alleges that DuPont and PEC knew, should have known, and/or had reason to know

of the hazards of exposure to asbestos dust. Compl. ¶¶ 39, 49. Plaintiff further alleges that DuPont and PEC had both a duty to warn those invited onto its premises of the hazards of exposure to asbestos dust and a duty to take reasonable safety precautions to prevent persons who may have been reasonably foreseeably exposed to asbestos dust, such as Plaintiff, from being exposed to and breathing asbestos dust generated by their premises. *Id.* In response, DuPont and PEC filed demurrers, on the ground that no duty of care was owed to Plaintiff and, consequently, that Plaintiff has failed to state a claim upon which relief can be granted. *See* DuPont Dem., Mar. 19, 2012; PEC Dem., Mar. 21, 2012.

## Question Presented

In Virginia, does a premises owner owe a common law duty of care to the spouse of an independent contractor's employee who never entered the premises owner's property?

## Legal Standard

A demurrer tests the legal sufficiency of the allegations in a complaint. Va. Code § 8.01-273. To be valid, a complaint may not simply state conclusions of law, but must set forth sufficient facts to establish a foundation under the law such that a court could grant the judgment sought. *Kitchen v. City of Newport News*, 275 Va. 378, 385, 657 S.E.2d 132 (2008) (citing *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122, 624 S.E.2d 1 (2006)). By filing a demurrer, the moving party admits all of the material, well-pleaded facts, including those expressly alleged, those that can fairly be viewed as impliedly alleged, and all reasonable inferences arising from the facts alleged. *CaterCorp., Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993). The court then considers the facts in the light most favorable to the plaintiff. *Welding, Inc. v. Bland Cnty. Serv. Auth.*, 261 Va. 218, 541 S.E.2d 909 (2001).

## Analysis

Plaintiff's Complaint alleges that DuPont and PEC had a duty both "to warn those invited onto its premises of the hazards of exposure to asbestos dust" and "to take reasonable safety precautions to prevent persons, who may reasonably foreseeably be exposed to asbestos dust . . . from being exposed to and breathing asbestos dust on and generated by its premises." Compl. ¶¶ 39, 49. With respect to the first alleged duty, the Complaint does not claim that Plaintiff was ever an invitee of either DuPont or PEC, and is, therefore, inapplicable. The extent to which a duty may have been owed to

*Mr*. Link is not before the Court at this time. Consequently, this Court will limit its analysis to the second alleged duty.

Foreseeability of injury alone is insufficient to create a duty in tort; there must first be some legally recognized relationship between the plaintiff and defendant. *Hortenstein v. Virginia-Carolina Ry.*, 102 Va. 914, 919, 47 S.E. 996 (1904). Such a relationship can arise from statute, from the existence of a "special relationship," or from another common law principle. *See Holles v. Sunrise Terrace, Inc.*, 257 Va. 131, 136, 509 S.E.2d 494 (1999). No statute is at issue in the present case, and Plaintiff does not allege the existence of a "special relationship," such as between a common carrier and its passenger, a business proprietor and its invitee, or an innkeeper and its guest, that could create liability on the part of DuPont or PEC for the conduct of Mr. Link. *See* Pl.'s Mem. in Opp. to Premises Defs.' Dem. on Issue of Duty 4-6. *See also Holles*, 257 Va. at 136 (summarizing some instances in which Virginia has recognized a "special relationship" between parties), Instead, Plaintiff relies on the common law principle that "a duty extends to anyone who could reasonably and foreseeably be injured by one's failure to use ordinary care." Pl.'s Mem. in Opp. to Premises Defs.' Dem. on Issue of Duty 6 (quoting *Khadim v. Lab. Corp.*, 838 F. Supp. 2d 448, 458, n. 8 (W.D. Va. 2011)). *See also Standard Oil Co. v. Wakefield*, 102 Va. 824, 47 S.E. 830 (1904) (stating that liability depends upon "the duty of every man to so use his own property as not to injure the persons or property of others).

Plaintiff's allegation that it was reasonably foreseeable to DuPont and PEC that she was at-risk for exposure to asbestos dust from her husband's work clothes constitutes a legal conclusion. Brown & Root's status as an independent contractor is both relevant and significant to this Finding. In hiring Brown & Root, it is reasonable to infer that DuPont and PEC were either unwilling or unable to perform the asbestos-related work themselves and, instead, elected to rely on the expertise of others. Plaintiff does not allege that DuPont and PEC acted in some supervisory or otherwise-controlling capacity over Brown & Root's employees or operation. Therefore, Plaintiff's Complaint does not contain sufficient facts to establish a foundation under the law that, despite hiring an independent contractor to do a specialized task, it was nonetheless reasonably foreseeable to DuPont and PEC that the contractor's employees would regularly bring home asbestos dust on their persons and, thereby, cause harm to their immediate family.

In support of her action, Plaintiff relies on decisions from the Circuit Court of the City of Newport News, *Vincent v. Garlock Sealing Techs.*, Case No. 37336P-03 (Newport News Nov. 20, 2006), and the Circuit Court of the City of Charlottesville, *Mitchell v. E. I. DuPont De Nemours* (Charlottesville Sept. 11, 2007). Pl.'s Mem. in Opp. to Premises Defs.' Dem. on Issue of Duty 3-4. Notwithstanding the fact that these decisions were not reviewed by an appellate court and are not binding precedent, all dealt with the alleged duty of an employer to its *employee's* spouse. No

court in Virginia has recognized a duty of care extending from a premises owner to the off-premises spouse of an *independent contractor's* employee. As a legal conclusion, Plaintiff's allegation is not admitted for purposes of evaluating DuPont's and PEC's demurrers, and Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted.

## Conclusion

For the above-stated reasons, the demurrers of E. I. DuPont de Nemours and Co. and Progress Energy Carolinas, Inc., are hereby sustained. Plaintiff is granted leave to amend her Complaint, within fourteen days, if she be deemed so advised.