COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Alston and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


DARRIS ALTONY NEWSOME

                                                MEMORANDUM OPINION* BY
v.        Record No. 2417-11-1                  JUDGE ROBERT P. FRANK
                                                  NOVEMBER 27, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

C. Carter Allen (Carter Allen Law, P.C., on brief), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General; Kathleen B. Martin, Senior
Assistant Attorney General, on brief), for appellee.


Darris Altony Newsome, appellant, was convicted by a jury of two counts of rape, in

violation of Code § 18.2-61, two counts of object sexual penetration, in violation of Code

§ 18.2-67.2, and two counts of indecent liberties, in violation of Code § 18.2-370.1.  On appeal, he

contends the trial court erred in not permitting an impeachment witness to testify as to the victim's

reputation for truth and veracity.  For the reasons stated, we find no error in the trial court's ruling.

BACKGROUND

The specific facts of the offense are not relevant to this appeal.  The victim was appellant's

daughter.  The series of incidents occurred when the victim was between the ages of nine and

twelve years old.  The prosecution's case rested on the testimony of the victim; no physical

evidence was introduced.  Appellant, at trial, denied that he ever had sexual contact with his

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

daughter. The victim waited a number of years to report the incidents to police, explaining she was fourteen or fifteen years old when she first told anyone of the attacks.

When asked the victim's reputation in the community for truthfulness, appellant responded, "she was like a bully" and "just liked having her way." Appellant indicated the victim was angry with him because he would not sell one of his vehicles to her, because he would not give her money, and because he had suggested the victim may have had a sexual relationship with her stepfather.[1] Appellant testified the victim would lie to him and even stole his vehicle. Appellant related that two weeks after he saw the victim with a baby and questioned the baby's paternity (suggesting that the baby looked like the victim's brother and stepfather), he was arrested on the present charges.

Appellant further testified that he was incarcerated in the Department of Corrections from April 1, 1995 to October 11, 1995, during the time interval the victim said the first incident occurred.

After the lunch recess, appellant's trial counsel advised the court that he had a potential witness, the victim's aunt. Counsel stated that he was not aware of the witness until the recess. Counsel indicated the victim's aunt would testify as to the victim's reputation for "untruthfulness and general reputation," and he stated that the aunt had known the victim for all of her life. Counsel acknowledged that the aunt had not been separated from other witnesses during the trial, which at that point, had consisted solely of the victim's testimony.

The Commonwealth objected to the aunt's testimony because of her presence in the courtroom during the time the victim testified. Appellant's trial counsel indicated the court must engage in balancing the defendant's right to present material evidence with the fact that the aunt had listened to the proceedings thus far, which "can certainly affect [her] testimony."

---

[1] Victim's "stepfather" was also referred to at times as the victim's mother's boyfriend.

The trial court refused to allow the aunt to testify because she had been sitting in the courtroom and had listened to the victim's testimony.

The jury found appellant guilty of the offenses.

This appeal follows.

ANALYSIS

Appellant argues the trial court erred in not allowing the victim's aunt to testify as to the victim's reputation for truth. The Commonwealth responds that this Court may not decide the merits of this issue because appellant, at trial, did not proffer the specific testimony of the aunt. We agree with the Commonwealth.

At trial, the proponent of the evidence bears the burden of establishing by a preponderance of the evidence, the facts necessary to support its admissibility. See Bloom v. Commonwealth, 262 Va. 814, 821, 554 S.E.2d 84, 87 (2001).

Matters concerning the admissibility of evidence, including the underlying factual issues, are solely within the province of the trial court. Mullins v. Commonwealth, 113 Va. 787, 791, 75 S.E. 193, 195-96 (1912). Given this "'broad discretion' of a trial judge over evidentiary matters, we apply a deferential abuse-of-discretion standard of appellate review." Seaton v. Commonwealth, 42 Va. App. 739, 752, 595 S.E.2d 9, 15 (2004) (quoting Crest v. Commonwealth, 40 Va. App. 165, 170, 578 S.E.2d 88, 90 (2003)). Under this standard, we as the appellate court will not reverse the trial court's ruling simply because we disagree. Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Id.

The same abuse of discretion standard applies to the trial court's ruling on issues of sequestration. Code § 19.2-265.1 requires a circuit court to exclude witnesses from the courtroom upon the motion of any litigant. The Supreme Court of Virginia has previously held

that it is within the trial court's discretion to decide whether a witness who violates an exclusion order should be prohibited from testifying. See Wolfe v. Commonwealth, 265 Va. 193, 214, 576 S.E.2d 471, 483 (citing Brickhouse v. Commonwealth, 208 Va. 533, 537, 159 S.E.2d 611, 614 (1968)), cert. denied, 540 U.S. 1019 (2003).

"'Factors to be considered in resolving the question include whether there was prejudice to the defendant and whether there was intentional impropriety attributable to the prosecution.'" Id. (quoting Bennett v. Commonwealth, 236 Va. 448, 465, 374 S.E.2d 303, 314 (1988), cert. denied, 490 U.S. 1028 (1989)).

Based on our ruling that the aunt's testimony was inadmissible, we find appellant suffered no prejudice by the trial court excluding the aunt's testimony.

As appellant's counsel acknowledged at trial, the aunt's having listened to the victim's "testimony can certainly affect [her] testimony." The aunt would testify concerning the victim's reputation for truthfulness. That opinion could well be based, at least in part, by the victim's in-court testimony. The trial court did not abuse its discretion in not allowing the aunt to testify.

Appellant notes, and we agree, that he has a constitutional right "to call for evidence in his favor." Va. Const. art. I, § 8. However, that right is not absolute; it is subject to the rules of evidence. See United States v. Nixon, 418 U.S. 683, 709 (1974) ("The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence.").

"When an appellant claims a trial court abused its discretion in excluding evidence, we cannot competently determine error – much less reversible error – without 'a proper showing of what that testimony would have been.'" Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (quoting Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999)). "'Without such a proffer, [the appellate court] cannot determine the admissibility of the

proposed testimony, and, if admissible, whether the court's exclusion of the evidence prejudiced [the party].'" Molina v. Commonwealth, 47 Va. App. 338, 368, 624 S.E.2d 83, 97 (2006) (quoting Holles, 257 Va. at 135, 509 S.E.2d at 497); see also Evans v. Commonwealth, 39 Va. App. 229, 236, 572 S.E.2d 481, 484 (2002) (citations omitted).

We can examine the evidence and make such a determination only when the proponent proffers the "testimony he expected to elicit," Clagett v. Commonwealth, 252 Va. 79, 95, 472 S.E.2d 263, 272 (1996), rather than merely his theory of the case. "The failure to proffer the expected testimony is fatal to his claim on appeal." Molina, 47 Va. App. at 367-68, 624 S.E.2d at 97. It is undeniable that "even when 'we are not totally in the dark concerning the nature of the evidence,' we still must 'know enough about the specifics' to be able to 'say with assurance' that the lower court committed prejudicial error." Tynes, 49 Va. App. at 21-22, 635 S.E.2d at 690 (quoting Smith v. Hylton, 14 Va. App. 354, 358, 416 S.E.2d 712, 715 (1992)); see also Mostyn v. Commonwealth, 14 Va. App. 920, 924, 420 S.E.2d 519, 521 (1992) (concluding that without a proffer as to a potential witness' testimony concerning the victim's reputation for truth and veracity, we were unable to consider the issue on appeal).

In this case, appellant's sole proffer was that the victim's aunt would "testify as to the reputation of the alleged victim for untruthfulness and general reputation in that she has known her for essentially all of her life."[2] Nothing in the proffer addresses whether the aunt ever discussed the victim's reputation with members of the community or which community might have been involved. Testimony about truthfulness must concern the witness' "bad *general* reputation for truth and veracity in the community where he lives or works, or among his neighbors and acquaintances, by witnesses who know that reputation." Clark v. Commonwealth, 202 Va. 787, 789, 120 S.E.2d

---

[2] Appellant does not contend the trial court prevented him from making a proffer.

270, 272 (1961) (emphasis added) (citing <u>Bradley v. Commonwealth</u>, 196 Va. 1126, 1133, 86 S.E.2d 828, 832 (1955)).

We believe the proffer at issue was inadequate to allow this Court to determine whether the aunt's testimony was admissible and whether the failure to allow such testimony would prejudice appellant. <u>See</u> <u>Smith</u>, 14 Va. App. at 358, 416 S.E.2d at 715 (holding that without an adequate proffer, we cannot determine whether the excluded testimony is admissible).

Furthermore, based on what was presented to the trial court, it is clear that the trial court did not abuse its discretion in excluding the evidence. Here, the trial court would have been within its discretion to find that the prospective witness had too narrow a foundation for her testimony to be admissible as evidence of the victim's general reputation for truthfulness.[3] In addition, the aunt's testimony could have been influenced by the victim's trial testimony, which she heard. "The purpose of excluding the witnesses from the courtroom is . . . to deprive a later witness of the opportunity of shaping his testimony to correspond to that of an earlier one." <u>Huddleston v. Commonwealth</u>, 191 Va. 400, 405, 61 S.E.2d 276, 279 (1950) (citing <u>Wigmore on Evidence</u>, 3d Ed., Vol. VI, Sec. 1838, p. 352). Therefore, the trial court did not err in refusing the aunt's impeachment testimony.

---

[3] The community from which a child's reputation is drawn may be more confined than for an adult. <u>See</u> <u>Commonwealth v. Healey</u>, 534 N.E.2d 301, 307 (Mass. App. Ct. 1989). However, the testimony concerning the child's reputation should come from an identifiable group, and the sources of the information on reputation should be sufficiently numerous to assure trustworthy testimony. <u>Id.</u> In this case, given the nature of the proposed testimony, we do not need to identify the victim's community for purposes of reputation testimony. It was well within the trial court's discretion to decide that testimony based on information from a single family member would not assure trustworthy testimony. <u>But cf.</u> <u>Commonwealth v. Arthur</u>, 575 N.E.2d 1147, 1148 (Mass. App. Ct. 1991) (holding that evidence on reputation for truthfulness was properly admitted where the impeaching witness identified a discrete community, i.e., the victim's eighth grade class, and a substantial number of students within that community had expressed views to the witness about the victim's reputation for veracity.)

## CONCLUSION

For the foregoing reasons, we conclude that the trial court did not abuse its discretion in excluding the aunt's impeachment testimony.

<u>Affirmed.</u>