UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Friedman and White

TIMOTHY LEE WOODS, SR.

v.      Record No. 1680-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 8, 2023

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Frederick A. Rowlett, Judge

(Michael J. Letsen; Letsen Law Firm, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee.


Following a jury trial, the circuit court convicted Timothy Lee Woods, Sr., of forcible

sodomy, aggravated sexual battery, and taking indecent liberties, all committed against a child

under the age of 15.  Woods contends that the circuit court erred in excluding the testimony of his

daughter concerning "sexual advances" from the victim.  After examining the briefs and record in

this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit."  Code § 17.1-403(ii)(a).  Therefore, we dispense with oral argument in

accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]."  *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).  In

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

doing so, we discard any of Woods' conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

On February 2, 2021, Vanessa Handy permitted her fourteen-year-old granddaughter, J.P., to attend a birthday party and wrestling match with Woods, who was J.P.'s cousin. Woods picked up J.P. from Handy's home that day in Bristol, Tennessee.

After playing games at a Chuck E. Cheese restaurant, Woods took J.P. to a convenience store. Woods bought a "bootlegger," and brought it to the vehicle. Woods told J.P. to drink some of the alcohol or he would hurt her. J.P. drank half the bottle because Woods was "scary."

Woods drove to a secluded spot near the Mendota River, located in Virginia. Woods pulled down his pants, ordered J.P. to put her mouth on his penis, and threatened to hurt her. He pulled J.P. closer, rubbed her side near her breast, and asked if he could "play with" her private area. She refused. Woods pulled J.P. forward so that her mouth was on his penis. Woods made "grunting" sounds, and his penis became erect. After a car passed by, Woods said they would "finish this later," and drove to the wrestling match. J.P. did not tell Woods' wife and daughter, who attended the match, about the assault because she did not think they would believe her. Days later, after again being alone with Woods, J.P. told Handy that Woods had sexually abused her. Handy contacted the police.

When the police interviewed Woods, he denied J.P.'s allegations. Ultimately, Woods asserted that J.P. had sexually assaulted him. He claimed that she reached inside his waistband and exposed his penis.

Before presenting evidence on his own behalf, Woods moved to introduce testimony from his adult daughter about an "isolated incident" that occurred "a couple weeks" before the charged offenses; defense counsel stated that J.P. made "sexual advances" toward the adult daughter and her

husband.  Woods asserted that the testimony was admissible in light of his statement to the police that J.P. actually had sexually assaulted him.  The Commonwealth objected that the testimony was irrelevant and should be excluded under Virginia's Rape Shield Law, Code § 18.2-67.7.  The circuit court found the testimony was irrelevant and inadmissible.

Woods' family members testified that at the wrestling match J.P. did not appear intoxicated or in distress and she appeared happy to be at the event.  The jury convicted Woods of forcible sodomy, aggravated sexual battery, and taking indecent liberties, all committed against a child under the age of 15.  Woods appealed.

ANALYSIS

Woods contends that this Court should reverse his convictions because the circuit court erred in excluding the testimony of his daughter concerning the "sexual advances" by J.P.  However, upon the appellate record, we have no basis to determine whether the circuit court erred as Woods claims.

"When an appellant claims a trial court abused its discretion in excluding evidence, we cannot competently determine error—much less reversible error—without 'a proper showing of what that testimony would have been.'" *Tynes v. Commonwealth*, 49 Va. App. 17, 21 (2006) (quoting *Holles v. Sunrise Terrace, Inc.*, 257 Va. 131, 135 (1999)).  "Such a proffer allows us to examine both the 'admissibility of the proposed testimony,' and whether, even if admissible, its exclusion 'prejudiced' the proffering party." *Id.* (quoting *Molina v. Commonwealth*, 47 Va. App. 338, 368 (2006)).  "We can perform this examination only when the proponent proffers the 'testimony he expected to elicit,' *Clagett v. Commonwealth*, 252 Va. 79, 95 (1996), rather than merely his theory of the case." *Id.*  "The failure to proffer the expected testimony is fatal to his claim on appeal." *Id.* (quoting *Molina*, 47 Va. App. at 367-68).  "To be sure, even when 'we are not totally in the dark concerning the nature of the evidence,' we still must 'know enough about the

specifics' to be able to 'say with assurance' that the lower court committed prejudicial error." *Id.* at 22 (quoting *Smith v. Hylton*, 14 Va. App. 354, 358 (1992)).

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993). "[U]nder basic principles of appellate review, we may not go beyond the record developed in the trial court." *Nelson v. Middlesex Dep't of Soc. Servs.*, 69 Va. App. 496, 502 (2018) (quoting *Boyd v. Cnty. of Henrico*, 42 Va. App. 495, 505 n.4 (2004) (en banc)).

Woods made no proffer of his daughter's potential testimony but simply claimed, in conclusory fashion, that J.P. made "sexual advances" to Woods' daughter and husband in a separate incident. Woods added, "[d]uring her testimony we would solicit questions that that information will come out." In the absence of an adequate proffer, we are unable to determine whether the circuit court erred in excluding the daughter's testimony or, if the ruling was erroneous, whether such error was harmless. Accordingly, we do not further consider Woods' claim and we affirm the judgment of the circuit court.

*Affirmed.*