442

# CIRCUIT COURT OF LOUDOUN COUNTY

Paul R. Meng et al.

v.

The Drees Co.

March 6, 2009

Case No. 46450

BY JUDGE THOMAS D. HORNE

This case is before the Court on the motions of the Defendant to set aside the jury verdict in this case, for a new trial, and, in the alternative, remittitur of damages. The jury returned the following verdicts in this case:

Count One (Negligence-Paul Meng) in favor of Paul Meng and fixed his damages at $500,000.00.

Count Two (Negligence-Wendy Meng) in favor of Wendy Meng and fixed her damages at $2,276,000.

Count Three (Negligence-Emma Meng) in favor of the Defendant.

Count Five (Actual Fraud-Wendy and Paul Meng) in favor of the Defendant.

Count Seven (Constructive Fraud-Wendy and Paul Meng) in favor of Wendy and Paul Meng and fixed their damages at $1,474,000.

Count Eight (Violation of the Consumer Protection Act-Wendy and Paul Meng) in favor of Wendy and Paul Meng and fix their damages at $500,000.

Count Nine (Breach of Contract-Wendy and Paul Meng) in favor of the Defendant.

The individual jurors were polled on the verdicts including, where applicable, the amount of the verdict. That poll eliminates any suggestion of an ambiguity in the verdicts. All of the jurors identified the verdicts above as having been returned by them and, thus, remain unimpeached.

The Court will enter judgment on the jury verdicts as to Counts Three, Five, and Nine in favor of the defendants.

In addition, the Court finds that the motion with respect to Count Seven should be granted and the jury verdict set aside as contrary to the law. This is not a case in which fraud in the inducement has been pleaded or proven. Any misrepresentations were made after the contract was executed and performance begun. Any duty with respect to representations made by the defendant, respecting construction of the home and reliance upon those representations by the plaintiffs arose out of the contract and not independently by way of a fraud claim sounding in tort. *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553 (1998). Any relief for such misstatements, purposeful or innocent, would lie in an action for breach of contract. The jury returned a verdict for the defendant on the contract claim. Accordingly, the Court will grant the motion to set aside the jury verdict with respect to Count Seven and dismiss the Count.

With respect to Count Eight, the Court will likewise grant the motion of the defendant and set aside and dismiss Count Eight, as it is likewise, contrary to the law. Not only does it represent lost economic expectations for which breach of contract provides a remedy, but, as earlier noted, any misrepresentations were made after the expectations of the parties were memorialized in a fully executed contract and construction on the house commenced. Additionally, the jury determined that any misrepresentations concerning construction were not intentionally made. The Supreme Court of Virginia has noted, in commenting upon misrepresentation by nondisclosure under the Virginia Consumer Protection Act [VCPA], that "a violation of the [VCPA] founded upon the nondisclosure of a material fact also requires evidence of a knowing and deliberate decision not to disclose the fact." *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 714, 553 S.E.2d 714, 718 (2001).

No actual fraud was found in this case. Accordingly, for these reasons, the Court will grant the motion as to Count Eight and dismiss the count.

A number of evidentiary issues were raised that the Court has ruled upon. The Court finds no reason to revisit its rulings to revise the jury verdicts.

The Court finds that the negligence claims in Count One and Count Two survive the legal scrutiny applied to other counts. In each case, the negligence claims relate to injury to the person and property of the individual

plaintiffs as a result of mold growth occurring within plaintiffs' home. The fact that the jury returned a verdict for the defendant, as to the plaintiffs' child, is not determinative of the motion. Under the instructions of the Court, the jury could fairly conclude that the nosebleeds, of which she complained, were not the result of exposure to mold and return a verdict for the defendant. It was not necessary that they return a verdict for $0.00 in damages, as they had been told that there could be no recovery without a finding of injury.

Upon the evidence, the jury could reasonably conclude such growth was the result of the negligence of the defendant in failing to properly construct the home. As a result of such negligent construction, water was permitted to enter and remain in the building creating a favorable environment for mold growth.

The jury, on the evidence presented, could reasonably conclude that, as a result of negligence on the part of the builder, an unsafe condition was created within the household leading to injury and damages being sustained by the plaintiffs. The duty to avoid creating such a condition and of injuring the plaintiffs is one imposed by law and not dependent upon the terms of the contract. Thus, the Court finds itself in agreement with the position of Judge Klein, who has written:

> [a]lthough this court fully agrees with the rationale underlying the Supreme Court of Virginia's decisions [*Kamlar Corp. v. Haley*, 224 Va. 699 (1983); *Foreign Mission Board v. Wade*, 242 Va. 234 (1991); *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553 (1998); *Holles v. Sunrise Terrace, Inc.*, 257 Va. 131 (1999)] holding that a breach of contract should not inevitably lead to litigation also sounding in tort, the court declines to extend this rationale to preclude a personal injury claim by someone claiming serious injury arising from a contracting party's creation of an unreasonably dangerous condition. Accordingly, unless and until the Supreme Court holds that barring such claims is an appropriate extension of its cases, this court declines to so rule.

*Gonella v. Lumbermens Mutual Casualty Co.*, 64 Va. Cir. 229 (2004).
One treatise writer has observed:

> Generally speaking, there is a duty to exercise reasonable care in how one acts to avoid physical harm to persons and tangible things. Entering into a contract with another pursuant to which

one party promises to do something does not alter the fact that there was a preexisting obligation or duty to avoid harm when one acts.

W. Page Keeton, *Prosser and Keeton on the Law of Torts* 656-57 (5th ed. West 1984).

The jury had evidence before it that, as a result of negligent construction, the plaintiffs, Wendy and Paul Meng, were exposed to mold that caused them physical injury and damage.

Defendant contends that the jury verdicts are, in addition to being contrary to law (counsel describes this as "a mess"), excessive. The jury instruction as to damages for negligence, supported by the evidence, set forth those elements that could be considered. They are:

1. Any bodily injuries Plaintiffs sustained and their effect on his health according to their degree and probable duration;

2. Any physical pain and mental anguish Plaintiffs suffered in the past;

3. Any inconvenience caused in the past;

4. Any medical expenses incurred in the past;

5. Any property damage Plaintiffs sustained.

Consistent with the evidence introduced, or that plaintiffs failed to present, the Court did not instruct the jury on future pain and mental anguish; disfigurement or deformity and any associated humiliation or embarrassment; future inconvenience; future medical expenses; lost earnings; or loss of earning capacity, or expected loss of earnings or earning capacity. The Court may set aside the jury verdicts with respect to the verdicts relating to the negligence claims and require remittitur of damages. Va. Code Ann. §§ 8.01-383, 8.01-383.1(A). In reviewing the defendant's motion, the Court is mindful that, in reviewing the actions of this Court on appeal, the Supreme Court of Virginia is guided by the following:

> [w]hen a verdict is challenged on the basis of alleged excessiveness, a trial court is compelled to set it aside "if the amount awarded is so great as to shock the conscience of the court and to create the impression that the jury has been motivated by passion, corruption, or prejudice, or has misconceived or misconstrued the facts or the law, or if the award is so out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision.". . .

The process of determining whether a trial court abused its discretion in ordering remittitur involves two steps. First, we must find in the record not only the trial court's conclusion that the verdict is excessive, but also an explanation demonstrating that the court, in reaching its conclusion, considered factors in evidence relevant to a reasoned evaluation of damages. Second, we must ascertain whether the amount of recovery after remittitur bears a "reasonable relation to the damages disclosed by the evidence."

Both of these steps require an evaluation of the evidence relevant to the issue of damages. In making that evaluation, the trial court, as well as this Court, is required to consider the evidence in the light most favorable to the party that received the jury verdict. . . . If there is evidence, when viewed in that light, to sustain the jury verdict, then remitting the verdict is error.

*Shepard v. Capital Foundry*, 262 Va. 715, 720-21 (2001) (authorities omitted).

Considering the evidence in a light most favorable to the plaintiffs, the Court is of the opinion that the verdicts are excessive and that the excessive nature of the damages creates the impression that the jury has misconceived or misconstrued the law.

Plaintiffs elected to keep the jury on a variety of theories sounding in tort and contract. The contract claim was resolved against the plaintiffs and for the defendant. No intent to defraud was found to have existed in the construction of the house. As previously noted, the duty of the defendant to construct a building in accordance with the terms of the contract does not, for reasons previously noted, give rise to tort claims arising out of, and not dependent upon, the terms of the contract.

Accordingly, any recovery in tort would be limited to personal and property damage claims arising out of the independent duty to not create an unsafe environment.

Accordingly, only those property damage claims, independent of the terms of the contract, may form the basis of recovery.

Medical special damages in this case were established at $28,000 for treatment by Dr. Lieberman, at his facility. As noted by the defendant, there was no testimony that the plaintiffs would require further medical treatment. The total special damages were $577,000.00 including the treatment and cure by Dr.Lieberman, temporary housing, damages to personal property, and storage costs. There was no testimony as to any permanent injuries on the part

of the plaintiffs. In summary, while the uncertainty of causation, mental and physical anguish, humiliation, and expenses of treatment were substantial, neither party will suffer any permanent injury or loss.

The evidence, when looked at in a light most favorable to the plaintiff, demonstrates that the effect of the mold on the health of Mrs. Meng was more significant than that of her husband. As a result of the mold growth, she suffered severe migraines, dilated pupils, and had to sleep in a closet. Among other things, she was unable to participate in her children's school activities, suffered from a racing heart, had respiratory and gastrointestinal issues, was limited in going to church and performing every day functions, experienced numbness, muscular, and joint pain, loss of appetite, frequent urination, numbness in her fingers and toes, and increased chemical sensitivity. Mr. Meng suffered from a constant cough, asthma, numbness and tingling, short-term memory loss, mental confusion, lack of concentration, expressive aphasia, loss of balance, and decreased pulmonary function. While these are not insignificant damages, they are not of a permanent nature. The treatment by Dr. Lieberman remediated the effects of the mold contamination on the plaintiffs.

Considering, the absence of permanent injury and other damages for which recovery is unavailing, as a matter of law, the amount of special damages claimed, and the complexity of the issues presented, the Court finds the jury verdicts, as to the negligence counts, were excessive. Therefore, the Court will order remittitur in this case. *See Bassett Furniture Industries, Inc. v. McReynolds*, 216 Va. 897 (1976).

The Court will order that the plaintiffs remit a part of his or her recovery, as ascertained by the jury or submit to a new trial as follows:

1. With respect to the verdict (Count One) as to Paul Meng, the Court will order a remittitur of the amount of $75,000 and accept judgment in the amount of $425,000.00, or submit to a new trial;

2. With respect to the verdict (Count Two) as to Wendy Meng, the Court will order a remittitur of the amount of $1,301,000 and accept judgment in the amount of $975,000.00, or submit to a new trial.

Plaintiffs' motion to recover attorney's fees under the VCPA is denied as the Court has dismissed that count as a matter of law. Defendant's motion respecting spoliation of evidence is denied.